IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DION K. HUMPHREY,<br><br>               Plaintiff,<br><br>     v.<br><br>RENEE STRAUBE, *et al.*,<br><br>               Defendants. | Case No. 3:22-cv-00009-JMK |

## **SCREENING ORDER**

On January 13, 2022, Dion K. Humphrey, a self-represented litigant (hereinafter "Plaintiff"), filed a Complaint for Violation of Civil Rights (Non-Prisoner Complaint) (hereinafter "Complaint"), and a Motion for [a] Subpoena to be Issued.[1] He also paid the $402.00 filing fee.[2] Subsequently, Plaintiff filed a Motion Requesting Volunteer Attorney, Motion to Supplement Attachment Complaint for Violation of Civil Rights Pages 4 of 6 and Exhibit(s), and Motion to Admit Exhibit A, B, C, D, E, and F.[3]

---

[1] Dockets 1 & 2.

[2] See Docket 1.

[3] Dockets 3–5.

## SCREENING STANDARD

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[4] In a federal court proceeding, a jurisdictional defect may be raised at any time.[5]

The Court now screens Plaintiff's Complaint to evaluate whether the Court has subject matter jurisdiction. The Court will not consider any documents from Dockets 4 and 5 in the screening process, as filing additional documents into the record does not properly amend a civil complaint.[6]

## DISCUSSION

### I. Complaint

Plaintiff brings suit against (1) Renee Straube, Protective Service Specialist 1; and (2) Juliette Rosado, MS Clinical Therapist.[7] Plaintiff sues Defendants in their individual and official capacities.[8]

Plaintiff alleges that he is bringing suit under 42 U.S.C. § 1983 against state or local officials for "familial integrity" for a violation of the Due Process Clause of

---

[4] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[5] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

[6] *See* Local Civil Rule 15.1.

[7] Docket 1 at 2.

[8] Docket 1 at 2.

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 2 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 2 of 15

the Fourteenth Amendment of the U.S. Constitution.[9] For the remainder of the questions on the form complaint, Plaintiff answers "awaiting deuces tecum will file amended complaint" in response to questions about the defendants and details of the events at issue.[10] Plaintiff does not give any response or details about an injury.[11] For relief, Plaintiff requests (1) $7,000,000.00 dollars in compensatory damages, (2) $500,000.00 in punitive damages, and (3) attorney fees.[12]

## II.  Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

Plaintiff's Complaint does not contain the essential information required for pleading. Additionally, claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead. 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating

---

[9] Docket 1 at 3.

[10] Docket 1 at 4.

[11] Docket 1 at 5.

[12] Docket 1 at 5.

rights [found] elsewhere."[13]  For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[14]

### a. 42 U.S.C. § 1983 requires a defendant to be a state actor

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law."[15]  To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[16]  A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[17]  The Complaint does not provide sufficient detail about either defendant to determine whether Defendants Straube or Rosado are state actors.

---

[13] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[14] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[15] *West v. Atkins*, 487 U.S. 42, 49 (1988).

[16] *West*, 487 U.S. at 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[17] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979) (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 4 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 4 of 15

**b. A state actor must violate a pre-existing federal constitutional or statutory right to provide a cause of action under 42 U.S.C. § 1983.**

42 U.S.C. § 1983 does not create federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights by bringing suit in federal court.[18] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. In addition to Constitutional rights, Section 1983 also can be used to enforce the rights guaranteed by a particular federal statute, but only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[19] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[20]

      i.    <u>Interference with parent/child relationship</u>

Parents and children possess a liberty interest in companionship and society with each other, which is protected by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.[21] A claim of interference with the parent-child relationship may be brought as either a procedural due process claim or a

---

[18] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[19] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[20] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[21] *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc); *Kelson v. City of Springfield*, 767 F.2d 651, 654 (9th Cir. 1985).

substantive due process claim. Procedural due process claims typically arise when a state official removes a child from her parent's care. For such claims, "[t]he Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies."[22] Substantive due process claims typically involve egregious conduct or the use of excessive force. But official conduct only violates substantive due process when it "shocks the conscience."[23] Under the overarching test of whether the official's conduct "shocks the conscience" are two standards: the more demanding "purpose to harm" standard and the lesser "deliberate indifference" standard.[24] To determine which of the two standards govern, courts look at the context of the events leading to the deprivation.[25] As a self-represented litigant, Plaintiff needs to provide sufficient plausible factual details to establish a violation of due process under the Fourteenth Amendment.

    **c.    A state actor must cause an injury to a plaintiff's federal rights**

Importantly in a §1983 action, claims must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's

---

[22] *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (quoting *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001)).

[23] *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)).

[24] *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

[25] *See Id.*

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 6 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 6 of 15

federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[26] The required causal connection "may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[27]

In a Section 1983 action, a state actor defendant may be sued in either an individual or an official capacity. The Complaint names Defendants Straube and Rosado in both their individual and official capacities without detail of their alleged actions.

### i. Individual capacity

In order for a defendant to be individually liable under Section 1983, that defendant must personally participate in an alleged rights deprivation.[28] "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[29] A defendant sued in her individual

---

[26] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[27] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

[28] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

[29] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).

capacity may be held liable for money damages.[30]  In order for Plaintiff to sue defendants in an individual capacity, then as to each defendant, he must allege facts that if proven would demonstrate that the named defendant (1) personally participated in depriving Plaintiff of his rights and (2) that defendant's actions caused Plaintiff's injury.

ii. Official capacity

In a Section 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[31]  A plaintiff suing a defendant in her official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[32]  Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[33]  However, a defendant sued in her official capacity may not be sued for damages, only for injunctive relief.[34]  In order for Plaintiff to sue either defendant in their official capacity, he must (1) identify the policy he challenges

---

[30] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[31] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

[32] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

[33] *Id.*

[34] *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 n.10.

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 8 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 8 of 15

and (2) demonstrate that that particular defendant is able to respond to the injunctive relief he requests.

### d. A plaintiff must plead sufficient facts to meet the required elements of a claim under 42 U.S.C. § 1983.

In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[35] At present, Plaintiff's Complaint does not establish whether the alleged defendants acted under state law, what actions they took to violate his rights, and what provision of either the U.S Constitution or a federal statute were violated by those actions. All of these elements must be plead in a complaint in order to bring a § 1983 action.

### III. Standing & Subject Matter Jurisdiction

Article III standing "is the threshold question in every federal case" which determines whether the court has the power to hear a lawsuit.[36] The "irreducible constitutional minimum of standing consists of three elements . . . [t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

---

[35] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

[36] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 9 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 9 of 15

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[37]  The requirements of standing maintain these jurisdictional limits by "identify[ing] those disputes which are appropriately resolved through the judicial process[.]"[38]  A plaintiff, as the moving party, bears the burden of establishing standing.[39]

Standing requires that a plaintiff demonstrate an injury.  Injuries to common law, constitutional, or statutory rights are sufficient to meet the injury requirement of standing.  "A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action[.]'"[40]  "An injury sufficient to satisfy Article III must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[41]

An alleged injury must be traceable to the defendant in order to meet standing requirements.  Often referred to as causation, a plaintiff must show how the defendant's action, or lack thereof, caused his injury of common law,

---

[37] *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2013) (internal punctuation omitted) (citing *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560 (1992) and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

[38] *Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015).

[39] *Id*.

[40] *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citing *Linda R. S. v. Richard D.*, 410 U.S. 614, 617 (1973)).

[41] *Munns*, 782 F.3d at 409 (quoting *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341, (2014)).

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 10 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 10 of 15

constitutional, or statutory rights.[42] Lastly, a plaintiff must demonstrate redressability. Redressability is the concept that a favorable judicial decision would remedy the plaintiff's injury.[43]

Jurisdiction is "[a] court's power to decide a case or issue a decree."[44] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[45] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[46] This means that the Court has the authority to hear only specified types of cases.[47] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[48] Federal question jurisdiction provides a federal court the authority to consider cases brought under the United

---

[42] *See Allen v. Wright*, 468 U.S. 737, 751 (1984).

[43] *See, e.g., United States v. Hays*, 515 U.S. 737, 743 (1995).

[44] BLACK'S LAW DICTIONARY, (11th ed. 2019).

[45] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[46] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g., A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[47] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[48] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 11 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 11 of 15

States Constitution or federal statutes.[49] 42 U.S.C. § 1983 is a federal statute that would provide this Court with federal question jurisdiction.

As addressed above, the Complaint does not provide sufficiently plead factual detail to plausibly state a claim under 42 U.S.C. § 1983. Without such factual detail, the Court cannot establish whether plaintiff has standing or whether it has jurisdiction over Plaintiff's claims.

## CONCLUSION

As pleaded, the Court cannot determine the extent of Plaintiff's allegations. Further, the lack of detail prevents the Court from adequately determining, if it has subject-matter jurisdiction over this Complaint. The Court grants Plaintiff leave to amend in accordance with the guidance presented above. Plaintiff should provide sufficient plausible factual details to satisfy Federal Civil Procedure Rule 8 and the elements of 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED:**

1. The Complaint is dismissed without prejudice for lack of establishing subject matter jurisdiction. The Court grants leave to amend.

2. The Motion for [a] Subpoena to be Issued at Docket 2 is **DENIED AS MOOT**.

---

[49] 28 U.S.C. § 1331.

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 12 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 12 of 15

3. Motion Requesting Volunteer Attorney at Docket 3 is **DENIED AS PREMATURE**. However, the Court advises plaintiff that generally a person has no federal right to an appointed attorney in a civil action.[50] Additionally, although the Court may request a volunteer attorney in exceptional cases, it has no power to make a mandatory appointment.[51]

4. Motion to Supplement Attachment Complaint for Violation of Civil Rights Pages 4 of 6 and Exhibit(s) at Docket 4 is **DENIED**. A plaintiff may not amend a complaint by motion.[52]

5. Motion to Admit Exhibit A, B, C, D, E, and F at Docket 5 is **DENIED**. A plaintiff may not amend a complaint by motion.[53]

6. Plaintiff has until **May 18, 2022** to file either:

   a. <u>Amended Complaint</u>, in which Plaintiff restates his claims with additional factual details. Any Amended Complaint *should be on the Court's form*, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in

---

[50] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[51] *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301–08 (1989).

[52] Fed. R. Civ. P. 15(a); Local Civil Rule 15.1.

[53] Fed. R. Civ. P. 15(a); Local Civil Rule 15.1.

its entirety.[54] The Court notes that Dockets 4 & 5 contains various documents Plaintiff may have sought to file in support of his Complaint. Any amended complaint may include supporting relevant documents or exhibits. The Court advises that the Clerk's Office maintains hardcopies of filed documents for 90 days. In the event, Plaintiff wishes to have these documents returned to him, he should write to the Clerk's Office.

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to withdraw his action and preserve his claims for litigation at a later date.

7. If Plaintiff does not file either an Amended Complaint or a Notice of Voluntary Dismissal on the Court's form by **May 18, 2022,** this case may be dismissed without further notice to Plaintiff.[55]

8. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been

---

[54] Local Civil Rule 15.1.

[55] *See* Fed. R. Civ. P. 41(b).

filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

9. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

10. The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form AO Pro Se 15 Complaint for Violation of Civil Rights (Non-Prisoner); (2) form PS21, Pro Se Notice; (3) form PS 12, Pro Se Motion; (4) form PS23, Notice of Change of Address; and (5) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 12th day of April, 2022, at Anchorage, Alaska.

*s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00009-JMK; *Humphrey v. Straube, et al.*
Screening Order
Page 15 of 15
Case 3:22-cv-00009-JMK   Document 6   Filed 04/12/22   Page 15 of 15