# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DION K. HUMPHREY,<br><br>                        Plaintiff,<br><br>      v.<br><br>RENEE STRAUBE, *et al.*,<br><br>                        Defendants. | Case No. 3:22-cv-00009-JMK |

## ORDER DIRECTING SERVICE OF SUMMONS AND COMPLAINT

On January 1, 2022, Dion K. Humphrey, a self-represented litigant (hereinafter "Plaintiff") filed a Complaint for Violation of Civil Rights alleging a "family integrity" violation of the Due Process of the Fourteenth Amendment of the U.S. Constitution.[1] The Complaint at Docket 1 lacked sufficient, plausible factual details for the Court to determine whether it had proper jurisdiction over Plaintiff's claim. At Docket 6, the Court issued a Screening Order addressing jurisdiction, providing Plaintiff with guidance on proper pleading under 42 U.S.C. § 1983, and denied several pending motions. At Docket 7, Plaintiff submits his First Amended Complaint. Additionally, Plaintiff submits a Motion to Appoint Counsel and a Motion for Admitting Exhibit H.[2]

**IT IS THEREFORE ORDERED:**

---

[1] Docket 1.

[2] Dockets 8, 9.

1. Upon review of the First Amended Complaint and the Motion for Admitting Exhibit H, the Court finds it has proper federal question jurisdiction pursuant to 28 U.S.C. § 1331. While submitting exhibits by motion is an improper method to amend a complaint,[3] the Court appreciates Plaintiff's prompt submission of the final order in the underlying state court action at issue. Therefore, the Motion for Admitting Exhibit H is **GRANTED** for the limited purposes of confirming the Court's subject matter jurisdiction.

2. With confirmation of subject matter jurisdiction, this litigation shall advance on the standard trajectory of a civil action in a federal district court.

3. Plaintiff shall proceed with the steps outlined in this order to ensure that service of process on each of the defendants is completed no later than **ninety (90) days from the date of this order**.[4] All service shall be made in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure.

4. The Clerk of Court shall provide summons forms to Plaintiff.

5. To complete the summons form properly, Plaintiff must do the following:

    a. At the top each form, above "SUMMONS IN A CIVIL ACTION," enter the following information, found on the first page of this order:

    i. the name of the Court (at the very top middle of the page, after "United States District Court for the District of Alaska"); and

---

[3] *See* Fed. R. Civ. P 15; Local Civil Rule 15.1.

[4] *See* Fed. R. Civ. P. 4(m).

Case No. 3:22-cv-00009-JMK, *Humphrey v. Straube, et al.*
Order Directing Service of Summons and Complaint
Page 2 of 8
Case 3:22-cv-00009-JMK   Document 10   Filed 08/17/22   Page 2 of 8

  ii.  the parties' complete full names (above Plaintiff(s) v. Defendant(s), respectively); and

  iii.  the case number, after "Civil Action No."

b. As to the target of the summons (i.e., who the summons is "to"), Plaintiff should write Defendant's full name and mailing address, if known.

c. After the paragraph ending, "The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are" on the summons form, enter the name and address of the appropriate individual. If Plaintiff retains an attorney, that attorney's name and address information should be entered there. If Plaintiff continues to be self-represented, then Plaintiff's name and mailing address should be entered there.

d. After Plaintiff completes the required summons forms, Plaintiff should mail to the court the following: (1) the completed summons forms; (2) a copy of the First Amended Complaint to the following address:

   U.S. District Court
   222 West 7th Avenue, #4
   Anchorage, Alaska 99513

If the summons forms have been completed in the proper form, they will then be issued by the Clerk of Court for service.

Case No. 3:22-cv-00009-JMK, *Humphrey v. Straube, et al.*
Order Directing Service of Summons and Complaint
Page 3 of 8
Case 3:22-cv-00009-JMK Document 10 Filed 08/17/22 Page 3 of 8

6. Once Plaintiff has received the summonses issued by the Clerk of Court, he should make a copy of the summonses for his records. He must then serve a copy of his First Amended Complaint and Docket 9-1 and the issued summons on each defendant, using a method of service authorized by Rule 4, Federal Rules of Civil Procedure.[5]

7. The requirements of service are not completed until proof of service has been submitted to the Court within ninety (90) days of this order.[6]

8. At all times, Plaintiff shall keep the Court informed of any change of address. Such notice shall be titled "Notice of Change of Address."[7] The notice shall contain only information about the change of address, and its effective date. The notice shall not include requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

9. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff, the name of the first

---

[5] Fed. R. Civ. P. Rule 4(e)(1) allows service to be done by "following state law for serving a summons" in a state court proceeding. The state court procedure is set out at Rule 4, Alaska Rules of Civil Procedure. For additional information, *see* Alaska Court System forms CIV-106 (How to Serve a Summons in a Civil Lawsuit) and CIV-135 (Civil Rule 4(f) Affidavit). These forms are available on the Alaska Court System's website at https://courts.alaska.gov/forms/index.htm,

[6] *See* Fed. R. Civ. P. Rule 4(l)(1) (proving service).

[7] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number."). A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

Case No. 3:22-cv-00009-JMK, *Humphrey v. Straube, et al.*
Order Directing Service of Summons and Complaint
Page 4 of 8
Case 3:22-cv-00009-JMK   Document 10   Filed 08/17/22   Page 4 of 8

defendant, and the title of the document, as illustrated on the first page of this order.[8]

10. Plaintiff shall serve a copy of all further filings submitted to the Court upon Defendant or, if an appearance has been entered by counsel for Defendant, on Defendant's attorney(s).[9] Plaintiff shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to each defendant or defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of opposing party or counsel) at (address) on (date).
> (Signature)

Any paper received by a District Court Judge or Magistrate Judge that does not include a Certificate of Service indicating that each defendant was served with a copy of that document will be disregarded by the Court.

11. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant sends a document to the Court, the litigant receives a Notice of Electronic Filing ("NEF") from the Court that indicates when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be

---

[8] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[9] *See* Fed. R. Civ. P. 5.

Case No. 3:22-cv-00009-JMK, *Humphrey v. Straube, et al.*
Order Directing Service of Summons and Complaint
Page 5 of 8
Case 3:22-cv-00009-JMK   Document 10   Filed 08/17/22   Page 5 of 8

obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

12. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Plaintiff shall not write letters to, or call, a judge directly. Any request for action by the Court regarding these proceedings must be filed with the Clerk of Court as a motion.

13. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (<u>add the relief requested</u>)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. This Court's Local Civil Rule 7.1(b) requires that each motion be filed with a proposed order that the Court can issue, if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

14. All documents filed with the Clerk of Court must contain an original signature, and must be mailed to the Court at the following address:

<pre>
                U.S. District Court
              222 West 7th Avenue, #4
               Anchorage, Alaska 99513
</pre>

Case No. 3:22-cv-00009-JMK, *Humphrey v. Straube, et al.*
Order Directing Service of Summons and Complaint
Page 6 of 8
Case 3:22-cv-00009-JMK   Document 10   Filed 08/17/22   Page 6 of 8

15. Generally, a person has no federal right to an appointed attorney in a civil action.[10] Under 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." Per the Ninth Circuit, however, this decision is discretionary. "A district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively."[11]

Without these factors, there are no "exceptional circumstances" under which the Court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).[12] Additionally, although the Court may request a volunteer attorney in exceptional cases, it has no power to make a mandatory appointment.[13]

The Court has carefully reviewed Plaintiff's concerns. Although § 1915(e)(1) permits the Court to request a volunteer attorney, this Court has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. At this stage of the litigation, this Court cannot evaluate Plaintiff's likelihood

---

[10] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[11] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[12] *Id*.; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

[13] Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301-08 (1989).

Case No. 3:22-cv-00009-JMK, *Humphrey v. Straube, et al.*
Order Directing Service of Summons and Complaint
Page 7 of 8
Case 3:22-cv-00009-JMK   Document 10   Filed 08/17/22   Page 7 of 8

of success on the merits.  Most importantly, Plaintiff has demonstrated that he is able to articulate his claims *pro se* despite the complexity of the legal issues involved, such that this case is not an "exceptional" one that necessitates the assistance of counsel.  Accordingly, the Motion to Appoint Counsel at Docket 8 is **DENIED**.

16. The Clerk of Court is directed to send the following to Plaintiff:  (1) a copy of this order, (2) corresponding AO 440 summons forms, (3) motion form PS12, and (4) a copy of the Court's *pro se* handbook, "Representing Yourself in Alaska's Federal Court."

DATED this 17th day of August, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00009-JMK, *Humphrey v. Straube, et al.*
Order Directing Service of Summons and Complaint
Page 8 of 8
Case 3:22-cv-00009-JMK   Document 10   Filed 08/17/22   Page 8 of 8