Dion Kirk Humphrey
7411 Woburn Circle Apt 3
Anchorage, Alaska. 99502
(907) 342-7036
dion98225@gmail.com



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DION KIRK HUMPHREY,

    Plaintiff,

vs.

    Civil Action No. 3: 22-cv-00009-JMK

RENEE STRAUBE et. al,

    Defendant

## MOTION IN OPPOSITION TO MOTION TO DISMISS

    Plaintiff Dion Kirk Humphrey move this Court for an Motion in Opposition to Motion to Dismiss. Defendants State of Alaska, Office of Children Services and Renee Straube Motion to Dismiss doesn't assert any jurisdiction of remedy to the Plaintiff complaint. Defendants State of Alaska Office of Children Services and Renee Straube could not provide any "evidence of fact" of Neglect or Physical abuse before State Court nor this Honorable Courts warranting legal custody against Plaintiff. Plaintiff admitted his son to Northstar Behavioral Hospital. Defendant State of Alaska and Renee Straube deprived Plaintiff of "Family Integrity" afforded by the United State Constitution.

    When considering a motion to dismiss pursuant to Rule 12(b)(1), this Court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. See, e.g., Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947) ("when a question of the District Court's jurisdiction is raised ... the court may inquire by affidavits or otherwise, into the facts as they exist"); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983)

A Rule 12(b)(1) motion may launch a facial or factual jurisdictional attack. In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack, the Court must accept the factual allegations in the complaint as true. See Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). However, the court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In most cases, a plaintiff's failure to state a claim under Rule 12(b)(6) does not deprive a federal court of subject-matter jurisdiction. See Steel Co.v. Citizens for Better Environment, 523 U. S. 83, 89. Here, however, in the unique context of the FTCA, all elements of a merito-rious claim are also jurisdictional.

Plaintiff request the court to Dismiss State of Alaska and Renee Straube Motion to Dismiss and proceed with summary judgement

_____
Dion Humphrey *Pro se Plaintiff*

## Certificate of Service

I certify that a copy of this above motion was served, by first class U.S mail and email tyler.broker@alaska.gov to Assistant Attorney General Department of Law, at 1031 W. 4th Ave Suite 200, Anchorage AK. 99501 on September 21 2022

Date: SEPTEMBER 21 2022

_____
Dion Humphrey *Pro Se Plaintiff*

MOTION IN OPPOSITION TO MOTION TO DISMISS (STATE OF ALASKA OFFICE OF CHILDREN SERVICES AND RENEE STRAUBE) 2.

Don K Humphrey
7411 Woburn Circle #3
Anchorage AK 99507

U.S. POSTAGE PAID
FCM LETTER
ANCHORAGE, AK
99502
SEP 21, 22
AMOUNT
$0.99
R2305H129787
-70

99513
1000

U.S. District Court,
Court Clerk
222 West 7th Ave Room 229
Anchorage AK 99513

NON MACHINABLE