BEFORE THE ALASKA OFFICE OF ADMINISTRATIVE HEARINGS ON REFERRAL
BY THE COMMISSIONER OF FAMILY AND COMMUNITY SERVICES

In the Matter of )
)
DION HUMPHREY ) OAH No. 22-0593-SAN
) Agency No. 955358

**EXHIBIT AA**

## DECISION ON TIMELINESS

and

## NOTICE OF HEARING ON THE MERITS

### I. Introduction

Dion Humphrey filed an appeal of a substantiated finding of child maltreatment for alleged neglect and physical abuse of his son, Eric Humphrey. The Office of Children's Services (OCS) granted his appeal as to its finding of physical abuse.[1] However, OCS denied Mr. Humphrey's request to appeal the finding of neglect on the grounds that his appeal was untimely. Mr. Humphrey appealed the Department's decision not to refer his appeal of the substantiated finding of neglect.

A telephonic hearing on the timeliness issue commenced on July 28, 2022 and was continued on August 8, 2022. Jennamarie Test, a lay representative, represented OCS at the hearing and also testified on OCS's behalf. Additional witnesses for OCS were Lisa Keith and Abraham Weiss. Mr. Humphrey represented himself and testified on his own behalf.

OCS has not met its burden of proof in establishing an untimeliness defense for the reasons set forth herein. Accordingly, this case will proceed to a hearing on the merits.

### II. Facts

On December 14, 2021, OCS issued a notice ("Notice") to Dion Humphrey stating that it had made a substantiated finding of neglect and physical abuse with regard to Eric Humphrey. Ms. Test submitted an affidavit and provided testimony consistent with that affidavit regarding the mailing process for notices of this type. The process is that OCS transmits a file to Alaska Laser Printing and Mailing (Alaska Laser) which contains documents and letters to be mailed to designated recipients. At that point, Alaska Laser uploads the documents for mailing, the letters are processed and run through a machine that collates pages, folds them, and inserts them into

---

[1] At the time that Mr. Humphrey filed his appeal, OCS was part of the Department of Health and Social Services (DHSS). Due to a reorganization of DHSS, OCS became part of the newly created Department of Family and Community Services on July 1, 2022.

envelopes. Alaska Laser delivers the sorted and enveloped mail to the Unites States Postal Service. Typically, the turn around time for a notice like this to go out is the same day it is transmitted from OCS to Alaska Laser (December 14th) or the next day (December 15th). Although there is a barcode which can track when the letter was inserted into the machine at Alaska Laser, the tracking function is only available for 45 days.[2] Here, by the time Mr. Humphrey filed his appeal in this case, that tracking function was no longer available.[3] Ms. Test admitted that there was no way of knowing whether Mr. Humphrey actually received the Notice, since certified mail is not used for such notices.[4]

The Notice to Mr. Humphrey states, in pertinent part, that the substantiated findings of neglect and physical abuse could be appealed "within 30 days from when this letter was sent."[5] Mr. Humphrey testified that he never received the Notice.[6]

In May of 2022, Mr. Humphrey was advised by an ICWA attorney involved in the related CINA case that there were substantiated OCS neglect and physical abuse findings against him. He testified that he learned about these findings at the time when the CINA case was closing.[7] On May 24, 2022, Mr. Humphrey filed an appeal of the substantiated OCS findings of neglect and physical abuse.[8] His appeal occurred 162 days after the date of the Notice.[9] However, the appeal was filed shortly after the CINA case closed.[10]

Mr. Humphrey's appeal was assigned to Lisa Keith, who is employed by OCS as an administrative hearings representative. Ms. Keith has been employed by OCS in various roles for eight years.[11] In an e-mail dated June 13, 2022, Ms. Keith notified Mr. Humphrey as follows:

> OCS has agreed to *grant your appeal* as to the finding of physical abuse. This means OCS will overturn the physical abuse from

---

[2] Ms. Test testified that the letter was not sent by certified mail and thus was only trackable for a limited time through the barcode. It is, however, undisputed that the address on the Notice was Mr. Humphrey's address of record. *See* AR, p. 3; *see also* Testimony of Ms. Test; Testimony of Mr. Humphrey.
[3] Affidavit of Jennamarie Test; Testimony of Ms.Test.
[4] Testimony of Ms Test.
[5] AR, p. 2.
[6] Testimony of Mr. Humphrey.
[7] Testimony of Mr. Humphrey. ICWA is the acronym for the Indian Child Welfare Act.
[8] That appeal states that the approximate date of substantiated finding was September 7, 2021. This date is, however, the date of the incident forming the basis for the substantiated findings, rather than the date of the substantiated finding. *Compare* Dion Exh. 1, p. 1 *with* AR, p. 18.
[9] AR, p. 20.
[10] Both parties agreed that the CINA case closed in May. Mr. Humphrey testified that the CINA case closed in mid-May or possibly late May; Ms. Test stated that there was a note in the OCS files suggesting that the case closed on May 22, 2022. *See* Testimony of Mr. Humphrey; Testimony of Ms. Test.
[11] Testimony of Ms. Keith.

"substantiated to not substantiated." I . . . will be sending you a formal letter of notice in the mail. Regarding the finding of neglect, OCS is not willing at this time to modify the findings.[12]

Ms. Keith's email further mentions that the deadline for Mr. Humphrey to have filed an appeal of *both* findings – *i.e.*, the findings of neglect and physical abuse -- was January 14, 2022.[13]

Ms. Keith on June 14, 2022, sent Mr. Humphrey two letters, which he received on June 17, 2022.[14] One of these letters advised Mr. Humphrey that "upon receiving his request to appeal," OCS determined that it was "necessary to modify the finding of physical abuse to 'not substantiated.'"[15] The other letter noted that on May 25, 2022, OCS had received Mr. Humphrey's appeal of the substantiated findings of neglect and physical abuse *and that this appeal was untimely*.[16] The letter then advised Mr. Humphrey that his appeal of the neglect finding would not be referred to the Office of Administrative Hearings (OAH) due to its untimeliness.[17]

### III. Discussion

The burden of proof to deny relief based on untimeliness falls on the party that asserts untimeliness. In support of its position not to refer this case due to the untimeliness of the appeal, OCS cites OAH No. 21-1122-SAN. However, that case is not dispositive here. OAH 21-1122-SAN was a case in which the appellant claimed that she first learned that there had been a substantiated finding against her on November 23, 2020, during a background check, which occurred months after the date of the substantiated finding. However, the appellant in *that* case then waited *two more months* before filing an appeal on January 19, 2021. By contrast, Mr. Humphrey promptly filed an appeal after learning from the ICWA attorney in the CINA case that there was a substantiated finding against him.

Here, the Division has not met its burden of proof in establishing the untimeliness defense. First, OCS was unable to document whether Mr. Humphrey actually received the Notice dated December 14, 2021. Mr. Humphrey, however, provided credible testimony that he

---

[12] AR, p. 23 (emphasis added).
[13] AR, p. 24.
[14] AR, pp. 6, 17 & 18.
[15] AR, p. 17.
[16] AR, p. 18.
[17] AR, p. 17.

never received the Notice, advising him of the substantiated findings of neglect and abuse.[18] He testified that he first learned of these substantiated findings in May through the ICWA attorney involved in the related CINA case. The fact that Mr. Humphrey filed an appeal of these findings promptly afterwards adds credence to his testimony that he was unaware of these findings in December of 2021.[19] In addition, in an e-mail Mr. Humphrey sent to OCS personnel on June 13, 2022 also suggests that he was unaware of the findings issued back in December. He states:

> Could some[body] contact and correct Lisa Keith Substantiating a Neglect. It appears it [the findings] went from Physical Abuse to Neglect as she stated I was informed by mail of Neglect in December of 2021.[20]

There is a second basis for allowing this case to go forward on the merits. OCS in this case has engaged in "cherry picking." Although OCS claimed that Mr. Humphrey's appeal was untimely, it accepted part of this appeal (the physical abuse finding) while rejecting the other part (the neglect finding). An appeal is either timely or not timely. OCS cannot have it both ways in the same appeal.[21]

IV. Conclusion

For these reasons, OCS's untimeliness defense is not established, and the case will go forward on the merits. The telephonic hearing in this case is scheduled **for Monday, October 31, 2022, at 10:00 a.m., Alaska time.**

Dated: October 10, 2022

Kathleen A. Frederick
Administrative Law Judge

I certify that on October 10, 2022, this document was sent to: Dion Humphrey (by mail and email); Jennamarie Test (by email); Brandi Gagnon (by email).

Office of Administrative Hearings

---

[18] Testimony of Mr. Humphrey. Mr. Humphrey at the hearing maintained that OCS should have sent the December 14, 2021 notice to Ms. Neal, his attorney at the time. However, OCS transmitted the notice letter to Alaska Laser two days *before* Mr. Humphrey requested Ms. Neal to ask OCS to send any correspondence from OCS to her. See Testimony of Mr. Humphrey; compare Affidavit of Ms. Test *with* Dion Exh. 1, p. 10-11.
[19] The appeal was filed on May 24, 2022; evidence in the record suggests that the CINA case closed a day or two earlier. See AR, p. 4; Testimony of Ms. Test.
[20] AR, p. 33.
[21] See AR, pp. 17-18.