Chester D. Gilmore
CASHION GILMORE & LINDEMUTH
510 L Street, Suite 601
Anchorage, AK 99501
Telephone: (907) 222-7934
Facsimile: (907) 222-7938
Email: chester@cashiongilmore.com

*Attorneys for Frontline Hospital, LLC d/b/a*
*North Star Hospital and Juliette Rosado*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DION K. HUMPHREY,<br><br>Plaintiff,<br><br>vs.<br><br>RENEE STRAUBE, JULIETTE ROSADO, STATE OF ALASKA OFFICE OF CHILDREN SERVICES, NORTHSTAR BEHAVIORAL HEALTH,<br><br>Defendants. | <br><br><br><br><br><br><br><br>Case No. 3:22-cv-00009-JMK |

### NORTH STAR HOSPITAL AND JULIETTE ROSADO'S
### MOTION TO DISMISS

Defendants Frontline Hospital, LLC d/b/a North Star Hospital ("North Star") and

Juliette Rosado (together "North Star defendants") move to dismiss the plaintiff's

complaint for lack of subject matter jurisdiction and for failure to state a claim upon which

relief may be granted. The North Star defendants make this motion pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6). The plaintiff's suit is brought under 14

U.S.C. § 1983 – but the North Star defendants are private actors and cannot be liable under

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK
Page 1 of 11
Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 1 of 11

§ 1983. For this, and other reasons discussed fully below, the plaintiff's claims should be dismissed.

## I.      BACKGROUND

In his brief complaint, Plaintiff Humphries alleges that North Star's employee, Juliette Rosado spoke with State of Alaska Office of Children Services' ("OCS's") employee Renee Straube about his refusal to allow his son to go out of state for rehabilitation treatment.[1]  The complaint also alleges that Rosado reported to Straube that Humphrey had physically abused his son during a therapy session.[2]  According to the plaintiff's complaint, this report was "not substantiated."[3]  The complaint further alleges that Straube then "maliciously" instigated a team decision meeting, and testified that OCS had received other reports of abuse and neglect, and that OCS filed a petition for adjudication of child in need of aid and for temporary custody in case no. 3AN-21-00430 CN.[4]

According to the plaintiff both the North Star defendants and the State of Alaska and Straube denied Humphrey's parental rights to care and control of his son in under the Fourteenth Amendment.

---

[1] Docket 7-1, P. 1.
[2] Id.
[3] Id.
[4] Id.

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK                                        Page 2 of 11
Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 2 of 11

## II.  ARGUMENT

### A.  The Plaintiff's Complaint Fails to Allege that the North Star Defendants Acted Under "Color of State Law" and Must be Dismissed

Claims brought under Title 42, U.S.C. § 1983 must demonstrate "(1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."[5]  The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action."[6]  "Careful adherence to the 'state action' requirement . . . preserves an area of individual freedom by limiting the reach of federal law and federal judicial power."[7]

Generally, private parties are not acting under "color of state law."[8]  When a §1983 suit seeks to recover from private parties, the trial court should "start with the presumption that private conduct does not constitute governmental action."[9]  To survive a motion to dismiss, the plaintiff's complaint must "raise a reasonable inference that [a

---

[5] JC v. Mark Country Day Sch., 2007 U.S. Dist. LEXIS 4716, at *5 (E.D.N.Y. 2007) (citing Dwyer v. Regan, 777 F.2d 825, 828 (2d Cir. 1985)).

[6] Gutierrez v. Dep't of Child. & Family Servs. D.C.F.S., 2022 U.S. Dist. LEXIS 151151 (C.D. Cal. Feb. 2, 2022)

[7] Pengelly v. Hawaii, 2017 U.S. Dist. LEXIS 174533, at *22-23 (D. Haw. Oct. 18, 2017)(citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 306, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (internal quotation omitted)).

[8] See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

[9] Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK                                              Page 3 of 11
Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 3 of 11

defendant] was a state actor and thus acted under color of state law in taking the alleged actions."[10]

Juliette Rosado is a behavioral therapist for North Star Hospital, she is alleged to have reported that E.H. disclosed an allegation of physical abuse against plaintiff during a therapeutic session.  Alaska state law (AS 47.17.068) provides for criminal penalties for mandatory reporters such as therapists, to fail to report suspected occurrences of harm to children from neglect or abuse.  With near uniformity, courts have held that mandatory reports of suspected neglect and abuse are not state action and that "reporting suspected child abuse alone does not constitute state action."[11]

Here, Plaintiff sues a private hospital and a private employee of that hospital. To state a section 1983 claim against the North Star defendants, plaintiff must plead facts sufficient to raise a reasonable inference that they are state actors.[12]  But the "Ninth Circuit

---

[10] Caviness v. Horizon Cmty. Learning Ctr., Inc. 590 F3d 806, 815-16 (9th Cir. 2010).

[11] See Gay v. Children's Hosp. of Pa., 2018 U.S. Dist. LEXIS 119094, at *5 (E.D. Pa. 2018) (collecting cases and dismissing § 1983 claims on the ground that the private defendants, including a hospital and its physician, did "not become state actors solely because, as mandated reporters under state law, they reported or failed to report suspected child abuse"); see also Doe v. Tsai, 2010 U.S. Dist. LEXIS 61746, at *12 (D. Minn. 2010) ("[The doctors here] are mandatory child-abuse reporters under Minnesota law. . . . Although they were providing information to law enforcement, the doctors do not become state actors simply by operating under a state statute."); Sawyer v. Legacy Emanuel Hosp. & Health Ctr., 2019 U.S. Dist. LEXIS 75097, at *12-13 (D. Or. 2019); J.C. v. Mark Country Day Sch., 2007 U.S. Dist. LEXIS 4716, 2007 WL 201163, at *3 (E.D.N.Y. 2007) (collecting cases); Topolski v. Wrobleski,) 2013 U.S. Dist. LEXIS 148671, at *1-3 (N.D.N.Y. 2013) (allegations that private actors falsely reported child abuse in effort to commence child-removal proceedings insufficient to plead state-actor status).

[12] See Caviness v. Horizon Community Learning Center, Inc., 590 F.3d 806, 808, 818 (9th Cir. 2010).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK                    Page 4 of 11
Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 4 of 11

has consistently dismissed private hospitals, doctors, and attorneys in § 1983 claims for failing the come within the color of state law."[13]

In the Ninth Circuit there are four tests to determine when a private party's actions amount to state action: (1) the public function test; (2) the state compulsion test; (3) the government nexus test; and (4) the joint action test.[14] "The "public function" and "joint action" tests "largely subsume the state compulsion and governmental nexus tests because they address the degree to which the state is intertwined with the private actor or action.'"[15]

The plaintiff's claims fail to satisfy any of these tests.

The first three tests are not typically implicated in § 1983 cases involving mandatory reports of child abuse. Under the public function test, state action may be present if a private party or entity exercises powers traditionally reserved exclusively to the state.[16] The plaintiff's complaint does not allege any facts showing that North Star or Rosado

---

[13] See Briley v. State of Cal., 564 F.2d 849, 855-56 (9th Cir. 1977) (private hospitals not acting under color of state law unless the state is significantly involved in the private party's activities); Watkins v. Mercy Med. Center, 520 F.2d 894, 896 (9th Cir. 1975) (private doctors normally do not come within the color of state law).

[14] See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003); Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir.); Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295-96, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937-939, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).

[15] Gutierrez v. Dep't of Children & Family Servs. D.C.F.S., 2022 U.S. Dist. LEXIS 151151, at *9 (C.D. Cal. 2022)(citing Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 995 n.13 (9th Cir. 2013)).

[16] See Rendell-Baker v. Kohn, 457 U.S. 830, 842, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) ("the question is whether the function performed has been 'traditionally the exclusive prerogative of the State'") (original emphasis; citation omitted); Kirtley v. Rainey, 326 F.3d at 1093 ("The public function test is satisfied only on a showing that the function at issue is 'both traditionally and exclusively governmental'") (citation omitted).

Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 5 of 11

provided services which were the "exclusive prerogative of the State."[17]  State action may

also be found under the state compulsion test where the state has "exercised coercive

power or has provided such significant encouragement, either overt or covert, that the

[private actor's] choice must in law be deemed to be that of the state."[18]  However, "[m]ere

approval of or acquiescence in the initiatives of a private part is not sufficient to justify

holding the State responsible for those initiatives."[19]  Under the government nexus test, the

Court must consider whether there is a sufficiently close nexus between the state and the

challenged actions such that defendant's actions may "be fairly treated as [those] of

the State itself."[20]  The Court may consider whether state actors dominated decision

making, whether the private party's funds were supplied by state institutions, and whether

the private party is acting in lieu of a traditional state actor.[21]  Here, the North Star

---

[17] See generally West v. Atkins, 487 U.S. at 57 n.15 ("the provision of medical services is a function traditionally performed by private individuals") (citation omitted); Ismail v. County of Orange, 693 Fed. App'x 507, 512 (9th Cir. 2017), cert. denied, 138 S. Ct. 1329 (2018) ("Merely serving as a foster parent does not transform a private party into a state actor.") (citations omitted); Stratton v. Buck, 498 Fed. App'x 674, 676 (9th Cir. 2012) ("there is no Ninth Circuit case law holding that emergency medical care is a traditionally and exclusively governmental function."); Milburn by Milburn v. Anne Arundel County Dep't of Soc. Servs., 871 F.2d 474, 479 (4th Cir. 1989), cert. denied, 493 U.S. 850 (1989) ("The care of foster children is not traditionally the exclusive prerogative of the State."); Williams v. Osterman, 2020 WL 6121405, at *3 (D. Mont. July 14, 2020), adopted, 2020 WL 4463222 (D. Mont. Aug. 4, 2020) ("[p]arenting children is not an exclusively or primarily public function").
[18] Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982); Kirtley v. Rainey, 326 F.3d at 1094 ("The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action. [citation].").
[19] Blum v. Yaretsky, 457 U.S. at 1004-05.
[20] Johnson v. Knowles, 113 F.3d at 1120 (citation and internal quotations omitted).
[21] See Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 955 (9th Cir. 2008) (en banc).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK                                            Page 6 of 11
Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 6 of 11

defendants may be subject to state rules and regulations, such regulation does not make

them state actors for purposes of section 1983.[22]

The plaintiff alleges that his rights were violated by the mandatory report of the

North Star defendants. Such allegations are typically determined under the joint action

test. The joint action inquiry focuses on "whether the state has so far insinuated itself into

a position of interdependence with the private entity that it must be recognized as a joint

participant in the challenged activity."[23] "A private entity may be considered a state

actor only if its particular actions are inextricably intertwined with those of the

government."[24] In short, to be liable under § 1983 in this instance, the North Star

---

[22] See Blum v. Yaretsky, 457 U.S. at 1004-11(fact that nursing homes were highly regulated and subject to Medicaid regulations did not render the nursing homes state actors in deciding whether to discharge or transfer patients); Chrisman v. Sisters of St. Joseph of Peace, 506 F.2d 308, 313-14 (9th Cir. 1974) (government regulation of private hospital and provision of construction funds to hospital insufficient to make hospital's actions the actions of the state); see also Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1348 (11th Cir. 2001) (state regulation of foster parenting insufficient to show foster parents were state actors); Leshko v. Servis, 423 F.3d 337, 341 (3d Cir. 2005) (facts that state regulated and partially funded foster care insufficient to show foster mother acted on behalf of the state in causing injury to foster child); Rockwell v. Cape Cod Hospital, 26 F.3d 254, 258 (1st Cir. 1994) ("government regulation, even extensive regulation . . . [is] insufficient to establish that a hospital or other entity acted under color of state law") (citations omitted); Stephens v. St. Francis Medical Center, 2017 U.S. Dist. LEXIS, at *5 (C.D. Cal. 2017) (private medical center, medical personnel affiliated with the medical center and a private hospice were not state actors); Jackson v. East Bay Hospital, 980 F. Supp. 1341, 1357 (N.D. Cal. 1997) (private doctor and private hospital were not state actors even though they received state or federal funding and were subject to governmental regulation) (citations omitted).
[23] Kirtley v. Rainey, 326 F.3d at 1093 (citation and internal quotations omitted); accord Pasadena Republican Club v. Western Justice Center, 985 F.3d 1161, 1167 (9th Cir. 2021), cert. denied, 2021 WL 4733327 (U.S. Oct. 12, 2021).
[24] Id.(citation and quotations omitted).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK                    Page 7 of 11
Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 7 of 11

defendants need to have actually participated in the state activity that allegedly deprived the plaintiff of constitutional rights.[25]

Here, the plaintiff has not adequately alleged joint action between the North Star and State defendants. Plaintiff's allegations suggest that (1) the State defendants spoke with and received one or more reports from the North Star defendants; (2) the State defendants, not the North Star defendants, scheduled and held a team decision meeting, allegedly without evidence; (3) the State defendants, not the North Star defendants, testified about allegedly unsubstantiated reports; (4) and the State defendants, not the North Star defendants, filed a petition for adjudication of child in need of aid and for temporary custody in case no. 3AN-21-00430 CN. Thus, the limited action by the North Star defendants cannot be construed as sufficient "joint action" for § 1983 liability to attach to the North Star defendants and the plaintiff's complaint should be dismissed.[26]

Plaintiff alleges only that a private party hospital and its therapist allegedly treated a private party child of the plaintiff and reported potential abuse. These are alleged actions

---

[25] Sawyer v. Legacy Emanuel Hosp. & Health Ctr., 2019 U.S. Dist. LEXIS 75097 at *14-15 (D. Or. 2019).

[26] See Sawyer v. Legacy Emanuel Hosp. & Health Ctr., 2019 U.S. Dist. LEXIS 75097, at *14-15 (D. Or. 2019) Gay, 2018 U.S. Dist. LEXIS 119094, at *5 (explaining that courts have held that "reporting suspected child abuse . . . does not constitute state action," concluding that the private hospital defendants did "not become state actors solely because, as mandated reporters under state law, they reported or failed to report suspected child abuse," and dismissing the plaintiff's § 1983 claims); Sutton, 192 F.3d at 830-35 (reviewing a motion to dismiss and stating that "[w]hen addressing whether a private party acted under color of law, [the Ninth Circuit] start[s] with the *presumption* that private conduct does not constitute governmental action") (emphasis added); Smith, 593 F. App'x at 744 (explaining that, under the joint action test, the private parties must have participated in the activity which deprived the plaintiff of constitutional rights).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS

which would have occurred whatever course the OCS investigation then proceeded upon. A "bare allegation" of joint action is insufficient.[27]

The North Star defendants cannot be liable under 42 U.S.C. § 1983, because they are not state actors. There are no allegations in the plaintiff's complaint that support a claim that defendant Rosado was a state actor. Accordingly, a § 1983 action cannot be maintained against the North Star defendants.[28]

## B.      The Plaintiff's Complaint Fails to Show Deprivation of a Fundamental Right

The overwhelming majority of decisions hold that private actors making mandatory reports of suspected child abuse are not acting under color of state law and therefore cannot be subject to § 1983 liability. Here, the plaintiff's claims also fail for several additional reasons. The plaintiff has failed to allege that he was denied a fundamental constitutional right. "[T]he right to family integrity clearly does not include a constitutional right to be free from child abuse investigations" – even if the investigation does not discovery evidence of abuse.[29]

Insofar as the plaintiff's claims stem from the decision in the state court, this Court lacks the authority to "overturn or otherwise review" state court decisions.[30] Finally, all defendants in this case have qualified immunity because their conduct "does not violate

___

[27] DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000).
[28] Haag v. Cuyahoga Cty., 619 F. Supp. 262, 283 (N.D. Ohio 1985)
[29] See Devereaux v. Perez, 218 F.3d 1045, 53 (9th Cir. 2000) (quoting Watterson v. Page, 987 F.2d 1, 8 (1st Cir. 1993)). See also Doe v. State of La., 2 F.3d 1412, 1417-18 (5th Cir. 1993)(child protective employee who allegedly made false representation did not violate the plaintiff's constitutional right to family integrity).
[30] Worldwide Church of God v. McNair, 805 F. 2d 888, 890 (9th Cir. 1986).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK                                    Page 9 of 11
Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 9 of 11

clearly established statutory or constitutional rights of which a reasonable person would have known."[31]  Investigating reports of child abuse is discretionary and does not amount to a deprivation of constitutional rights unless the it clearly exceeds legal norms.  Indeed, "[e]ven a grossly negligent investigation by a child-protective-services-employee does not amount to deprivation of a clearly established right."[32]

The plaintiff's complaint which simply alleges that there was an investigation and court action related to suspected child abuse.  It does not state a claim for relief under § 1983 and it must be dismissed.

## CONCLUSION

For the above stated reasons, North Star defendants request that this Court grant their Motion to Dismiss and dismiss the Plaintiff's lawsuit in its entirety.

CASHION GILMORE & LINDEMUTH
Attorneys for Frontline Hospital, LLC d/b/a
North Star Hospital and Juliette Rosado


DATED: November 29, 2022          s/ Chester D. Gilmore
                                  Chester D. Gilmore
                                  Alaska Bar No. 0405015

---

[31] Nielson v. Legacy Health Sys., 230 F. Supp. 2d 1206, 1210 (D. Or. 2001) (citing Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir. 1991) (internal citation omitted)).
[32] Devereaux, 218 F.3d at 1054 (quoting Stem v. Ahearn, 908 F.2d 1 (5th Cir. 1990).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy
of the foregoing was served via email on
November 29, 2022 on the following:

Dion K. Humphrey
7411 Woburn Circle #3
Anchorage, AK 99502
dion98225@gmail.com

CASHION GILMORE & LINDEMUTH

By:  s/ Chester D. Gilmore

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK                    Page 11 of 11
Case 3:22-cv-00009-JMK   Document 24   Filed 11/29/22   Page 11 of 11