Dion Kirk Humphrey
7411 Woburn Circle Apt 3
Anchorage, Alaska. 99502
(907) 342-7036
dion98225@gmail.com



RECEIVED

DEC 02 2022

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DION KIRK HUMPHREY,

        Plaintiff,

vs.

RENEE STRAUBE et. al,

        Defendant

Civil Action No. 3: 22-cv-00009-JMK

## MOTION IN OPPOSITION TO NORTHSTAR HOSPITAL AND JULIETTE ROSADO'S MOTION TO DISMISS

Plaintiff Dion Kirk Humphrey Moves this Court for a Motion in Opposition to Northstar Hospital and Juliette Rosado's Motion to Dismiss. This Court has proper Jurisdiction and Plaintiff within Amended Complaint has requested relief to be granted being $21000000.00. For this, and other reasons discussed fully below, the Court should proceed with Summary Judgement.

## BACKGROUND

Northstar Hospital and Juliette Rosado and Renee Straube did "Quid Pro Quo" with Renee Straube employed by the State of Alaska Office of Children of Services. The Exhibit(s) provided explains Juliette Rosado "Quid Pro Quo" with Renee Straube on two separate communications *first being* Dion Humphrey desire not to send his son E.H out of for treatment and shortly after same day reported E.H being disciplined several years in the past which led Dion Humphrey to answer Physical Abuse charges in a Child in Need of Aid case no. 3an-21-00430CN. Juliette Rosado and Renee Straube malicious actions deprived Dion Humphrey of "Familial Integrity" and his son E.H liberty. Jenna Marie Test (State of Alaska Office of Children Services Program Officer) has acknowledge(s) error made in Probable Cause of Physical Abuse substantiation wheras the State of Alaska was granted temporary custody for 7 month depriving E.H of liberty

and Familial Integrity.

When considering a motion to dismiss pursuant to Rule 12(b)(1), this Court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. See, e.g., Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947) ("when a question of the District Court's jurisdiction is raised ... the court may inquire by affidavits or otherwise, into the facts as they exist"); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983)

A Rule 12(b)(1) motion may launch a facial or factual jurisdictional attack. In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack, the Court must accept the factual allegations in the complaint as true. See Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). However, the court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In most cases, a plaintiff's failure to state a claim under Rule 12(b)(6) does not deprive a federal court of subject-matter jurisdiction. See Steel Co.v. Citizens for Better Environment, 523 U. S. 83, 89. Here, however, in the unique context of the FTCA, all elements of a merito-rious claim are also jurisdictional.

Plaintiff request the court to Dismiss Northstar Hospital and Juliette Rosado's Motion to Dismiss and proceed with summary judgement

November 29 | 2022

Dion Humphrey *Pro-se Plaintiff*

Certificate of Service

I certify that a copy of this above motion was served, by first class U.S mail and email: Chester D. Gilmore, CASHION GILMORE & LINDEMUTH, 510 L Street, Suite 601, Anchorage AK. 99501 chester@cashiongilmore.com on November 29, 2022

Date:
11 | 29 | 2022

Dion Humphrey *Pro-Se Plaintiff*

Deon Kadeck Humphrey
7411 Weimer Drive #B
Anchorage, AK 99502

Clerk of Court
United States District Court
222 W 7th Ave Room 229
Anchorage AK 99513

99513-750099

UNITED STATES
POSTAL SERVICE®

RDC 99

99513

U.S. POSTAGE PAID
FCM LETTER
ANCHORAGE, AK
99502
NOV 30, 22
AMOUNT
$0.60
R2304E107387-22