Chester D. Gilmore
CASHION GILMORE & LINDEMUTH
510 L Street, Suite 601
Anchorage, AK 99501
Telephone: (907) 222-7934
Facsimile:  (907) 222-7938
Email:  chester@cashiongilmore.com

*Attorneys for Frontline Hospital, LLC d/b/a
North Star Hospital and Juliette Rosado*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DION K. HUMPHREY,<br><br>              Plaintiff,<br><br>vs.<br><br>RENEE STRAUBE, JULIETTE ROSADO, STATE OF ALASKA OFFICE OF CHILDREN SERVICES, NORTHSTAR BEHAVIORAL HEALTH,<br><br>              Defendants. | Case No. 3:22-cv-00009-JMK |

## NORTH STAR HOSPITAL AND JULIETTE ROSADO'S REPLY TO OPPOSITION TO MOTION TO DISMISS

The plaintiff has filed a § 1983 action against Frontline Hospital, LLC d/b/a North Star Hospital ("North Star") and Juliette Rosado (together "North Star defendants") - a private hospital and its employee.  Section 1983 claims require proof that the defendant acted "under color of state law."  The plaintiff's opposition to the North Star defendants' motion to dismiss does not dispute their status as private actors and fails to overcome "the

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S REPLY TO OPPOSITION TO MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK           Page 1 of 6
Case 3:22-cv-00009-JMK   Document 30   Filed 12/21/22   Page 1 of 6

presumption that private conduct does not constitute governmental action."[1] Accordingly this court should grant the North Star defendants' motion.

> **A. The plaintiff's opposition does not overcome the presumption that private actors cannot be liable under §1983.**

As defendants explained in their motion to dismiss, under 42 U.S.C. § 1983 a plaintiff must demonstrate "that the conduct complained of was committed by a person acting under color of state law."[2] Ample precedent provides that a report of harm communicated by a private hospital and its employees, such as the North Star defendants, does not rise to the level of action "under color of state law."[3]

In his opposition, Plaintiff Humphries reiterates his allegation that North Star's employee, Juliette Rosado spoke with State of Alaska Office of Children Services ("OCS") employee Renee Straube about his refusal to allow his son to go out of state for

---

[1] Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).
[2] JC v. Mark Country Day Sch., 2007 U.S. Dist. LEXIS 4716, at *5 (E.D.N.Y. 2007)(citing Dwyer v. Regan, 777 F.2d 825, 828 (2d Cir. 1985)).
[3] See Gay v. Children's Hosp. of Pa., 2018 U.S. Dist. LEXIS 119094, at *5 (E.D. Pa. 2018) (collecting cases and dismissing § 1983 claims on the ground that the private defendants, including a hospital and its physician, did "not become state actors solely because, as mandated reporters under state law, they reported or failed to report suspected child abuse"); see also Doe v. Tsai, 2010 U.S. Dist. LEXIS 61746, at *12 (D. Minn. 2010) ("[The doctors here] are mandatory child-abuse reporters under Minnesota law. . . . Although they were providing information to law enforcement, the doctors do not become state actors simply by operating under a state statute."); Sawyer v. Legacy Emanuel Hosp. & Health Ctr., 2019 U.S. Dist. LEXIS 75097, at *12-13 (D. Or. 2019); J.C. v. Mark Country Day Sch., 2007 U.S. Dist. LEXIS 4716, 2007 WL 201163, at *3 (E.D.N.Y. 2007) (collecting cases); Topolski v. Wrobleski, 2013 U.S. Dist. LEXIS 148671, at *1-3 (N.D.N.Y. 2013) (allegations that private actors falsely reported child abuse in effort to commence child-removal proceedings insufficient to plead state-actor status).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S REPLY TO OPPOSITION TO MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK  Page 2 of 6
Case 3:22-cv-00009-JMK   Document 30   Filed 12/21/22   Page 2 of 6

rehabilitation treatment and his "discipline[e] several years in the past."[4] He repeats his allegation that these "two separate communications" caused the state to file a child in need of aid case.[5] He also relies on the "Exhibit(s) provided" as attachments to his complaint. The single exhibit attached to his complaint is a June 8, 2022, state superior court order in 3AN-2-00430 CN: *Order Releasing Custody, Closing Case and Vacating Hearing Dates*.[6] Thus the plaintiff's opposition simply restates the complaint and alleges that the North Star defendants communicated with the state, the state filed a CINA case, and the CINA case was ultimately closed.

To survive a motion to dismiss, the plaintiff's complaint must "raise a reasonable inference that [a defendant] was a state actor and thus acted under color of state law in taking the alleged actions."[7] With near uniformity, courts have held that mandatory reports of suspected neglect and abuse are not state action and that "reporting suspected child abuse alone does not constitute state action."[8]

---

[4] Docket 26, P. 1.
[5] Id.
[6] Docket 9-1.
[7] Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F3d 806, 815-16 (9th Cir. 2010).
[8] See Gay v. Children's Hosp. of Pa., 2018 U.S. Dist. LEXIS 119094, at *5 (E.D. Pa. 2018) (collecting cases and dismissing § 1983 claims on the ground that the private defendants, including a hospital and its physician, did "not become state actors solely because, as mandated reporters under state law, they reported or failed to report suspected child abuse"); see also Doe v. Tsai, 2010 U.S. Dist. LEXIS 61746, at *12 (D. Minn. 2010) ("[The doctors here] are mandatory child-abuse reporters under Minnesota law. . . . Although they were providing information to law enforcement, the doctors do not become state actors simply by operating under a state statute."); Sawyer v. Legacy Emanuel Hosp. & Health Ctr., 2019 U.S. Dist. LEXIS 75097, at *12-13 (D. Or. 2019); J.C. v. Mark Country Day Sch., 2007 U.S. Dist. LEXIS 4716, 2007 WL 201163, at *3 (E.D.N.Y. 2007) (collecting cases); Topolski v. Wrobleski,)

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S REPLY TO OPPOSITION TO MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK    Page 3 of 6
Case 3:22-cv-00009-JMK   Document 30   Filed 12/21/22   Page 3 of 6

In their motion, the North Star defendants explained how the plaintiff's claims do not satisfy any of the four tests used in the Ninth Circuit to deter when a private party's actions amount to state action.[9] Humphrey's opposition fails to address any of these tests. He argues that under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) this court should accept the allegations in the complaint as true. The North Star defendant's motion to dismiss pointed out that even if the allegations of the complaint are accepted as fact, the only conducted alleged against the North Star defendants is that they made mandatory reports to the state. Under this set of circumstances, the conclusively weight of authority is that the private parties have not acted under color of state law.[10]

The North Star defendants cannot be liable under 42 U.S.C. § 1983, because they are not state actors and this court should grant their motion to dismiss.[11]

---

2013 U.S. Dist. LEXIS 148671, at *1-3 (N.D.N.Y. 2013) (allegations that private actors falsely reported child abuse in effort to commence child-removal proceedings insufficient to plead state-actor status).

[9] Docket 24, pp. 5-9.

[10] See Sawyer v. Legacy Emanuel Hosp. & Health Ctr., 2019 U.S. Dist. LEXIS 75097, at *14-15 (D. Or. 2019); Gay, 2018 U.S. Dist. LEXIS 119094, at *5 (explaining that courts have held that "reporting suspected child abuse . . . does not constitute state action," concluding that the private hospital defendants did "not become state actors solely because, as mandated reporters under state law, they reported or failed to report suspected child abuse," and dismissing the plaintiff's § 1983 claims); Sutton, 192 F.3d at 830-35 (reviewing a motion to dismiss and stating that "[w]hen addressing whether a private party acted under color of law, [the Ninth Circuit] start[s] with the *presumption* that private conduct does not constitute governmental action") (emphasis added).

[11] Haag v. Cuyahoga Cty., 619 F. Supp. 262, 283 (N.D. Ohio 1985)

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S REPLY TO OPPOSITION TO MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK                          Page 4 of 6
Case 3:22-cv-00009-JMK   Document 30   Filed 12/21/22   Page 4 of 6

**B. The Court should dismiss for the additional reasons provided in the North Star defendants' motion.**

The plaintiff's opposition fails to explain how the defendants acted under color of state law; it also fails to address the North Star defendants' other arguments for dismissal. The plaintiff has failed to allege that he was denied a fundamental constitutional right. "[T]he right to family integrity clearly does not include a constitutional right to be free from child abuse investigations" – even if the investigation does not discovery evidence of abuse.[12] Insofar as the plaintiff's claims stem from the decision in the state court, this Court lacks the authority to "overturn or otherwise review" state court decisions.[13] Finally, all defendants in this case have qualified immunity because their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[14] Investigating reports of child abuse is discretionary and does not amount to a deprivation of constitutional rights unless the it clearly exceeds legal norms. Indeed, "[e]ven a grossly negligent investigation by a child-protective-services-employee does not amount to deprivation of a clearly established right."[15]

---

[12] See Devereaux v. Perez, 218 F.3d 1045, 53 (9th Cir. 2000) (quoting Watterson v. Page, 987 F.2d 1, 8 (1st Cir. 1993)). See also Doe v. State of La., 2 F.3d 1412, 1417-18 (5th Cir. 1993)(child protective employee who allegedly made false representation did not violate the plaintiff's constitutional right to family integrity).
[13] Worldwide Church of God v. McNair, 805 F. 2d 888, 890 (9th Cir. 1986).
[14] Nielson v. Legacy Health Sys., 230 F. Supp. 2d 1206, 1210 (D. Or. 2001) (citing Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir. 1991) (internal citation omitted)).
[15] Devereaux, 218 F.3d at 1054 (quoting Stem v. Ahearn, 908 F.2d 1 (5th Cir. 1990).

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S REPLY TO OPPOSITION TO MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK    Page 5 of 6
Case 3:22-cv-00009-JMK   Document 30   Filed 12/21/22   Page 5 of 6

The plaintiff's complaint which simply alleges that there was an investigation and court action related to suspected child abuse. It does not state a claim for relief under §1983 and it must be dismissed.

## CONCLUSION

For the above stated reasons, North Star defendants request that this Court grant their Motion to Dismiss and dismiss the Plaintiff's lawsuit with prejudice and without leave to amend.

CASHION GILMORE & LINDEMUTH
Attorneys for Frontline Hospital, LLC d/b/a
North Star Hospital and Juliette Rosado

DATED: December 21, 2022

*s/ Chester D. Gilmore*
Chester D. Gilmore
Alaska Bar No. 0405015

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing was served via email on December 21, 2022 on the following:

Dion K. Humphrey
7411 Woburn Circle #3
Anchorage, AK 99502
dion98225@gmail.com

CASHION GILMORE & LINDEMUTH

By: *s/ Chester D. Gilmore*

NORTH STAR HOSPITAL AND JULIETTE ROSADO'S REPLY TO OPPOSITION TO MOTION TO DISMISS
*Humphrey v. Straube, et al.*, Case No. 3:22-cv-00009-JMK　　　　　　　　　　　　　Page 6 of 6
Case 3:22-cv-00009-JMK   Document 30   Filed 12/21/22   Page 6 of 6