IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DION K. HUMPHREY,<br><br>           Plaintiff,<br><br>vs.<br><br>RENEE STRAUBE, Protective Service Specialist 1; JULIETTE ROSADO, MS Clinical Therapist; STATE OF ALASKA, OFFICE OF CHILDREN SERVICES; and NORTHSTAR BEHAVIOR HEALTH,<br><br>           Defendants. | Case No. 3:22-cv-00009-JMK<br><br>**ORDER GRANTING<br>MOTIONS TO DISMISS** |

Pending before the Court are Defendants State of Alaska, Office of Children's Services', and Renee Straube's ("State Defendants") (1) Motion to Dismiss at Docket 19 and (2) Defendants Frontline Hospital d/b/a as North Star Hospital's and Juliette Rosado's ("North Star Defendants)" Motion to Dismiss at Docket 24. Both motions are fully briefed.[1] During the pendency of a ruling on the Motions to Dismiss, Mr. Humphrey filed additional motions. For the reasons stated herein, the Motions to Dismiss are **GRANTED**, and all other pending motions are **DENIED AS MOOT.**

---

[1] Docket 21; Docket 22; Docket 32; Docket 26; Docket 30.

## I. BACKGROUND

### A. Procedural Summary

Mr. Humphrey is a self-represented litigant. On January 13, 2022, Mr. Humphrey filed a Complaint for a Violation of Civil Rights—naming Renee Straube and Juliette Rosado as defendants—and a Motion for Subpoenas.[2] The Court screened Mr. Humphrey's case for jurisdiction due to the lack of factual allegations in the Complaint at Docket 1.[3] At Docket 6, the Court addressed the insufficiency of the pleadings, granted leave to amend, and denied any pending motions.[4] At Docket 7, Mr. Humphrey filed a First Amended Complaint. At Docket 10, the Court issued an Order Directing Service and Response, which provided instructions on performing service pursuant to Rule 4 of the Federal Rules of Civil Procedure, denied a motion for the appointment of counsel, and granted the admission of an "exhibit" that demonstrated that the state case at issue in this matter had concluded.[5]

### B. First Amended Complaint

The First Amended Complaint ("FAC") names the above-captioned defendants as liable for violation of Mr. Humphrey's Fourteenth Amendment Due Process right to familial integrity under 42 U.S.C. § 1983.[6] In summary, the FAC alleges that the State of Alaska, Office of Children's Services, filed a Petition for Adjudication of [a] Child

---

[2] Dockets 1, 2.
[3] Docket 6.
[4] Docket 6 at 2–15.
[5] Docket 10; *see also* Dockets 8, 9.
[6] Docket 7 at 1–3.

*Humphrey v. Straube*　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 3:22-cv-00009-JMK　　Document 43　　Filed 09/29/23　　Page 2 of 19

in Need of Aid and for Temporary Custody ("Petition") regarding his son, E.H.[7] The FAC further alleges the Petition was granted by Judge Crosby of the Alaska Superior Court, without established "evidence of fact of physical abuse/neglect," based on sworn testimony by Renee Straube that: (1) Juliette Rosado said that E.H. had been accepted to an out-of-state rehabilitation program, but that Mr. Humphrey did not consent to the treatment; (2) Juliette Rosado reported to Renee Straube an unsubstantiated report of physical abuse from a therapy session; and (3) other anonymous, unsubstantiated neglect and physical abuse reports.[8] The FAC alleges that all Defendants engaged in a *quid pro quo* and, unlawfully and unconstitutionally, held E.H. at North Star Hospital for over seven months.[9] Further, the FAC alleges that Renee Straube, without legal or custodial authority, held Team Decision Meetings without substantiated evidence of physical abuse or neglect.[10] The FAC alleges the State Defendants' and the North Star Defendants' actions resulted in "mental anguish and emotional distress[;] no insurance for medical treatment or counseling[.]"[11] For relief, Mr. Humphrey requests nominal, compensatory, and punitive damages of $7,000,000.00.[12]

---

[7] Docket 7-1 at 1.
[8] *Id.* (referencing the Alaska Superior Court Case No. 3AN-21-00430CN; the Court notes that Child in Need of Aid ("CINA") proceedings are confidential and do not appear on public record searches.).
[9] *Id.*
[10] *Id.*
[11] *Id.* at 5.
[12] *Id.* at 2. (The Court notes that the relief section of the FAC may also, but inadequately, request either declarative or prospective injunctive relief.)

*Humphrey v. Straube*  Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss  Page 3
Case 3:22-cv-00009-JMK   Document 43   Filed 09/29/23   Page 3 of 19

## C. Docket 9-1 and Judicial Notice

At the Court's discretion and in the interest of judicial economy, the Court accepted Mr. Humphrey's filing of Judge Crosby's Order Releasing Custody, Closing Case, and Vacating Hearing Dates, which ordered the release of E.H. to Mr. Humphrey, released the Office of Children's Services from all responsibility for E.H., and vacated all future hearings.[13]

Courts may take judicial notice of facts that are "not subject to reasonable dispute" because they are "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[14] Courts may judicially notice information in another court's proceedings, such as the progress of a case, the issues that were litigated, and what the judge ordered; however, courts may not take judicial notice of the truth of any factual findings in other courts' documents.[15] The Court finds that any pleadings, orders, or other functions of the CINA case at issue are proper subjects of judicial notice.

---

[13] Docket 9-1.
[14] Fed. R. Evid. 201(b).
[15] *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (internal quotations and citations omitted) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court transcripts and briefs "[t]o determine what issues were actually litigated" in other courts and that "[w]hile some of these documents are filed under seal, they nonetheless are readily verifiable and, therefore, the proper subject of judicial notice"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotations omitted and citations omitted) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

*Humphrey v. Straube*  Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss  Page 4
Case 3:22-cv-00009-JMK   Document 43   Filed 09/29/23   Page 4 of 19

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)—Subject Matter Jurisdiction

When a defendant moves to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1), "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[16] As such, the plaintiff asserting subject matter jurisdiction has the burden of proving its existence.[17]

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction either by a "facial" or "factual" attack.[18] "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."[19]

### B. Rule 12(b)(6)—Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs the dismissal of a complaint for failure to state a claim. A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"[20] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[16] *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (quotation and citation omitted).
[17] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017); *Laborers' Int'l Union of N. Am., Local 341 v. Main Building Maint., Inc.*, 435 F. Supp. 3d 995, 999 (D. Alaska 2020).
[18] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).
[19] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

for the misconduct alleged."[21] If the facts alleged in the complaint do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed.[22] Courts assessing a Rule 12(b)(6) motion accept as true all factual allegations alleged in the complaint and construe the pleadings in the light most favorable to the plaintiff.[23] Courts need not, however, accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[24]

## C. 42 U.S.C. § 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[25] A defendant acts under the color of state law when acting with state authority as a state actor.[26] To be deprived of a right, the defendant's action needs either to violate rights guaranteed by the Constitution or an enforceable right created by federal law.[27] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[28] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be

---

[21] *Id.*
[22] *Id.*
[23] *E.g., Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).
[24] *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotations and citations omitted).
[25] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[26] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).
[27] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).
[28] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a Section 1983 remedy for violations of the statute in question.[29] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[30] However, where a violation of state law also is a violation of a federal constitutional right, Section 1983 may provide a cause of action.[31]

### III. DISCUSSION

Mr. Humphrey bring claims pursuant to 42 U.S.C. § 1983 for violations of his due process rights under the Fourteenth Amendment. State Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[32] North Star Defendants also move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[33]

**A. State Defendants' Motion to Dismiss**

The State Defendants argue for dismissal on two grounds. First, State Defendants assert that the State of Alaska, Office of Children's Services, is immune from suit pursuant to the Eleventh Amendment of the United States Constitution, and, therefore, must be dismissed as a defendant for lack of subject matter jurisdiction and for failure to state a claim.[34] Second, State Defendants argue that collateral estoppel, or issue preclusion,

---

[29] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *accord Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).
[30] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).
[31] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).
[32] Docket 20 at 4–10.
[33] Docket 24. (The Court notes that North Star Defendants move to dismiss under 12(b)(1), but do not provide a legal standard and only mention jurisdiction briefly on page 3.)
[34] Docket 20 at 5–6.

*Humphrey v. Straube*  Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss  Page 7
Case 3:22-cv-00009-JMK   Document 43   Filed 09/29/23   Page 7 of 19

applies, and because Judge Crosby granted the Petition, this Court must abide by her fact-finding.[35] Mr. Humphrey responded in opposition, addressing the legal standards of Rules 12(b) and 12(b)(6).[36] State Defendants replied (1) reiterating their Eleventh Amendment argument and (2) arguing that Mr. Humphrey confirmed issue preclusion in his opposition.[37]

**(1)     Sovereign immunity under the Eleventh Amendment**

The Ninth Circuit refers to state sovereign immunity under the Eleventh Amendment as "quasi-jurisdictional in nature."[38] An open question remains as to whether Eleventh Amendment defenses should be evaluated pursuant to Rule 12(b)(1) for subject matter jurisdiction, or Rule 12(b)(6) for failure to state a claim.[39] When conducting an Eleventh Amendment analysis, district courts have found "those standards [to be] essentially the same" for the purposes of a motion to dismiss.[40]

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity."[41] The Eleventh Amendment to the U.S. Constitution prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency

---

[35] Docket 20 at 6–10.
[36] Docket 21 at 1–2.
[37] Docket 22 at 2–4.
[38] *In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002).
[39] *In re: Conditions at Lake Cty. Jail*, 638 F. Supp. 3d 1164, 1169 n.3 (D. Mont. Nov. 2, 2022); *Monet v. Hawaii*, Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at *2 (June 14, 2011).
[40] *In re: Conditions at Lake Cty. Jail*, 638 F. Supp. 3d 1164, 1169 n.3 (D. Mont. Nov. 2, 2022); *Monet v. Hawaii*, Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at *2 (June 14, 2011).
[41] *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).

*Humphrey v. Straube*                                              Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss                                                        Page 8
Case 3:22-cv-00009-JMK     Document 43     Filed 09/29/23     Page 8 of 19

agrees to waive its immunity.[42] Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution or federal law.[43] A state is not a "person" for purposes of Section 1983.[44] Similarly, a governmental agency that is an arm of the state is not a person for the purposes of Section 1983.[45] Neither party disputes that the State of Alaska, Office of Children's Services, is a state agency.[46] Accordingly, Plaintiff cannot maintain a Section 1983 claim against the named Defendants, specifically, the State of Alaska, Office of Children's Services. State of Alaska, Office of Children's Services, is **DISMISSED WITH PREJUDICE** from this action.

### (2) Collateral estoppel

As a threshold matter, the Court must first address the allegations in the FAC as pled. Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief."[47] A complaint should set out each claim for relief separately. Each claim should

---

[42] *See Peralta v. Dillard*, 744 F.3d 1076, 1084 (commenting that "Congress could abrogate this immunity, but has not done so for cases brought under 42 U.S.C. § 1983).
[43] *See Torres v. Madrid*, 141 S. Ct. 989, 994 (2021); *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1984).
[44] *Doe v. Lawrence Livermore Nat'l Lab,* 131 F.3d 836, 839 (9th Cir. 1997) (holding that states are not persons for purposes of Section 1983); *Will v. Mich. Dep't. of State Police,* 491 U.S. 58, 64, 71 n.10 (1989) (establishing that even if a plaintiff seeks only injunctive relief, a state has not waived its Eleventh Amendment immunity and cannot be sued under its own name under Section 1983); *see also Stilwell v. City of Williams,* 831 F.3d 1234, 1245 (9th Cir. 2016) (explaining that Section 1983 did not abrogate states' Eleventh Amendment immunity and therefore does not allow suits in federal court against states themselves).
[45] *Will*, 491 U.S. at 70.
[46] *See generally* Docket 7; Docket 20; Docket 21.
[47] Fed. R. Civ. P. 8(a)(2).

*Humphrey v. Straube*      Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss      Page 9
Case 3:22-cv-00009-JMK   Document 43   Filed 09/29/23   Page 9 of 19

identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) whom he is alleging caused that specific harm to him. While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[48] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[49] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[50] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[51]

Liberally construed, the FAC may allege a procedural claim of interference with the parent-child relationship in violation of the Fourteenth Amendment.[52] Procedural due process claims typically arise when a state official removes a child from a parent's care. For such claims, "[t]he Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies."[53] Removing a child from a parent's custody violates the Fourteenth Amendment unless the removal (1) is authorized by a court order (typically a warrant); or (2) is supported by

---

[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[49] *Id.* (internal citations and quotations omitted).
[50] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[51] *Iqbal*, 556 U.S. at 678.
[52] *See* Docket 7.
[53] *Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (quoting *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001)).

*Humphrey v. Straube*     Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss     Page 10
Case 3:22-cv-00009-JMK    Document 43    Filed 09/29/23    Page 10 of 19

"reasonable cause to believe that the child is in imminent danger of serious bodily injury," and the scope of intrusion does not extend beyond that which is reasonably necessary.[54] Even if the removal is pursuant to a court order, the right may be violated if the court order was obtained through judicial deception; that is, if a plaintiff alleges "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial deception."[55] "A misrepresentation or omission is material if a court would have declined to issue the order had [the defendant] been truthful."[56]

Collateral estoppel, or issue preclusion, is "an extremely important principle in our adversary system of justice."[57] Simply, it means "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."[58] 28 U.S.C. § 1738 requires that federal courts give "full-faith and credit" or a "preclusive effect to state-court judgments[.]"[59] However, "[i]n federal actions, including § 1983 actions, a state-court judgment will not be given collateral estoppel effect, however, where 'the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court.'"[60] Moreover, federal courts may be compelled to make

---

[54] *Id.* (quoting *Mabe*, 237 F.3d at 1106).
[55] *David v. Kaulukukui*, 38 F.4th 792, 801 (9th Cir. 2022).
[56] *Id.*
[57] *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).
[58] *Id.*
[59] *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (internal quotations omitted).
[60] *Haring v. Prosise*, 462 U.S. 306, 313 (1983) (quoting *Allen*, 449 U.S. at 101).

*Humphrey v. Straube*     Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss     Page 11
Case 3:22-cv-00009-JMK    Document 43    Filed 09/29/23    Page 11 of 19

"additional exceptions" in Section 1983 cases "where state courts were unable or unwilling to protect federal rights."[61]

"State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action."[62] Under Alaska law, issue preclusion applies, if four factors are met:

> (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action;
>
> (2) the issue precluded from relitigation is identical to the issue decided in the first action;
>
> (3) the issue was resolved in the first action by a final judgment on the merits; and
>
> (4) the determination of the issue was essential to the final judgment.[63]

The Court cannot apply such a preclusive doctrine without a well-pled claim and the applicable findings of a state court. As stated in the Motion to Dismiss:

> Plaintiff cannot recover civil damages for the removal of his child without challenging whether the state court correctly found probable cause for removal. Similarly, plaintiff cannot recover damages for the placement of his son at Northstar without challenging whether the state court correctly applied the factors listed in AS 47.10.087.[64]

---

[61] *Id.* at 313–14.
[62] *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *see also Beckway v. DeShong*, 717 F. Supp. 2d 908, 918 (9th Cir. 2010).
[63] *Allstate Ins. Co. v. Kenick*, 435 P.3d 938, 944 (Alaska 2019); *see also Dunkle v. Dale*, 668 Fed. Appx. 254, 255 (9th Cir. 2016) (quoting *Powercorp Alaska, LLC v. Alaska Energy Auth.*, 290 P.3d 1173, 1182 (Alaska 2012)).
[64] Docket 20 at 9.

While insufficiently pled, this is exactly what Mr. Humphrey may be attempting to do in his FAC. While the Court may infer that this is the type of claim Mr. Humphrey has tried to articulate in the FAC, the elements of judicial deception have not been pled. The FAC simply does not sufficiently meet Rule 8 pleading standards.

Second, State Defendants provide no exhibits or supporting evidence on which this Court could reasonably assess whether collateral estoppel would apply.[65] Lastly and most critically, the State Defendants appear to confuse the Petition as a final judgment.[66] The State provides no legal support that the Petition merits the weight or consideration of a final judgment.[67] This is especially concerning, considering that, at Docket 9, Mr. Humphrey provided the Court the final judgment of the CINA action, which returned E.H. to his custody.

As such, the Court must **DISMISS** the remaining State Defendant, Renee Straube, from this action for failure to state a claim, but **WITHOUT PREJUDICE**. The Court grants Mr. Humphrey leave to amend his complaint as to the allegations against Ms. Straube. The State Defendants' collateral estoppel argument also is **DENIED WITHOUT PREJUDICE**.

---

[65] In a federal court, access to justice requires that courts liberally construe pleadings for self-represented litigants. Represented parties must not rest on their laurels. The Court reminds both parties that CINA matters are confidential and not matters of state public record. The Court may not blindly take judicial notice. Fed. R. Evid. 201. Without exhibits for the Court's consideration, any prior determination of fact or law made in Alaska Superior Court remain illusory and any consideration of collateral estoppel fundamentally flawed.

[66] Docket 20 at 10 ("Third, the issues resolved in the prior CINA action and placement were final judgments on the merits.").

[67] *See* Docket 20 at 10.

*Humphrey v. Straube*                                                        Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss                           Page 13
Case 3:22-cv-00009-JMK     Document 43     Filed 09/29/23     Page 13 of 19

## B. North Star Defendants' Motion to Dismiss

The North Star Defendants argue for dismissal on two grounds: (1) they are private, not state actors; and (2) Mr. Humphrey fails to plead the deprivation of a fundamental constitutional or statutory right.[68] Mr. Humphrey responded in opposition, reiterating his prior claims that Defendants Straube and Rosado engaged in a "quid pro quo," which caused an error in the finding of probable cause, resulting in the loss of custody of E.H. for seven months.[69] The North Star Defendants replied, reiterating their position on private actors and a general assertion of failing to state a claim under Section 1983.[70]

Under the 42 U.S.C. § 1983 framework, a plaintiff can only bring claims against a defendant who "committed the alleged [violation] while acting under the color of state law."[71] A defendant acts under the color of state law when acting with state authority as a state actor.[72] A defendant has acted under color of state law when he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[73] Private citizens or entities are not proper defendants for a Section 1983 action.[74]

---

[68] Docket 24.
[69] Docket 26-1.
[70] Docket 30.
[71] *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020).
[72] *West v. Atkins,* 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).
[73] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979) (establishing that when state officials are administering a federal funded program, the state officials are still acting under color of state law).
[74] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc*); see generally Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) (analyzing whether a corporation's actions that resulted in the loss of the petitioner's property were under color of state law).

A private party can be subject to suit under Section 1983 for violating a plaintiff's civil rights only in narrow circumstances. Courts may use four different tests to determine whether a private person or entity acted with state authority: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus."[75] Only one of tests needs to be satisfied for a court to find that a private party acted under the color of state law.[76] The Ninth Circuit, following the United States Supreme Court, explains that, "[s]pecifically, a plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State.'"[77]

A plaintiff satisfies the public function test, "only on a showing that the function at issue is both traditionally and exclusively governmental."[78] The close nexus and joint action tests may be satisfied where "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself,"[79] or where the State is in such a place of interdependence with a private party "that it was a joint participant in the enterprise."[80] A plaintiff demonstrates governmental compulsion or coercion "where the State 'has exercised coercive power or

---

[75] *Rawson*, 975 F.3d at 747 (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)).
[76] *Kirtley*, 326 F.3d at 1092; *see also Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002).
[77] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).
[78] *Rawson*, 975 F.3d at 748.
[79] *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation and internal quotation marks omitted).
[80] *Jensen v. Lane Cty.*, 222 F.3d 570, 575 (9th Cir. 2000) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357–58 (1974)).

has provided such significant encouragement, either overt or covert'" that the action must be deemed to be that of the State.[81]

**(1) North Star Hospital**

Again, as a preliminary matter, the FAC fails to meet Rule 8 pleading standards to state a claim.[82] North Star Defendants asks this Court to make a legal determination on insufficiently pled facts. To wit, the FAC does not make any cognizable allegations directly attributable to actions by North Star Hospital.

The FAC alleges that North Star Hospital engaged in "quid pro quo" with the State of Alaska Defendants.[83] Beyond the phrase "quid pro quo," the FAC does not allege any action by North Star. Even with the benefit of liberal construction, the Court cannot determine as to where, when, and how North Star Hospital may have violated Mr. Humphrey's Fourteenth Amendment right to due process. Accordingly, North Star Hospital must be **DISMISSED** from this action.

Due to the fundamental pleading defects in the FAC, the Court cannot make a decision as to North Star's argument that it cannot be held liable under Section 1983, because it is a private actor.[84] North Star Hospital is a limited liability corporation. A limited liability corporation is a business entity authorized by state statute "that is characterized by limited liability for and management by its members and managers."[85]

---

[81] *Rawson*, 975 F.3d at 748 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).
[82] *Supra see* Discussion III.A.1.
[83] *See* Docket 7-1.
[84] Docket 24 at 3–9.
[85] Limited Liability Corporation, *Black's Law Dictionary*, (11th ed. 2019).

With the greatest effort of liberal construction, the FAC may implicate the joint action or government nexus tests. The joint action test "can be satisfied either by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents."[86] "This occurs when a state official has substantially cooperated in the unconstitutional act of a private entity and the state has knowingly accepted the benefits derived from the unconstitutional behavior."[87] Under the government nexus test, the State and private actor are entwined. In determining entwinement, a court considers multiple factors, including: "(1) the organization is mostly comprised of state institutions; (2) state officials dominate decision making of the organization; (3) the organization's funds are largely generated by the state institutions; and (4) the organization is acting in lieu of a traditional state actor."[88] With such a vague allegation, the Court cannot make any findings as to whether North Star may be functioning solely as a private actor.

### 2. Defendant Rosado

Defendant Rosado is a behavioral therapist for North Star Hospital.[89] The FAC appears to allege that Defendant Rosado reported to Defendant Straube that E.H. made an allegation of physical abuse by his father during a therapeutic session.[90] The FAC

---

[86] *Tsao*, 698 F.3d at 1140 (internal citations and quotations omitted).
[87] *Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1259 (D. Or. 2013).
[88] *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008).
[89] Docket 24 at 4.
[90] Docket 7-1.

alleges that Defendant Straube testified to Defendant Rosado's report, and that the allegation was unsubstantiated.

Regardless of the veracity of the allegation, Alaska law requires therapists who treat children report any allegation of child abuse to the nearest OCS office.[91] Further, Alaska law makes mandatory child abuse reporters criminally liable[92] if they have "reasonable cause to suspect that a child suffered harm as a result of child abuse" and do not report to OCS.[93] The Ninth Circuit decidedly stated the "caselaw is clear that a private actor does not become a government agency simply by complying with a mandatory reporting statute."[94] Healthcare and therapeutic workers may not be considered state actors for purposes of Section 1983, "simply because [they] complied with state law requiring . . . personnel to report possible child [abuse or] neglect to Child Protective Services."[95]

Though the FAC is insufficiently pled, the Court can make a determination based in law. Alaska state law did require Defendant Rosado to report E.H.'s allegation, regardless if it was true or substantiated. However, Defendant Rosado's compliance with Alaska's laws does not equate to acting under the color of state law. Accordingly, as a mandatory child abuse reporter complying with Alaska state law, Defendant Rosado is not

---

[91] Alaska Stat. § 47.17.020(a).
[92] Alaska Stat. § 47.17.068.
[93] Alaska Stat. § 47.17.020(a).
[94] *United States v. Rosenow*, 50 F.4th 715, 730 (9th Cir. 2022).
[95] *Mueller v. Auker*, 700 F.3d 1180, 1192 (9th Cir. 2012); *see also Sawyer v. Legacy Emanuel Hospital & Health Center*, 418 F. Supp. 3d 566, 572 (D. Or. 2019) (internal quotations and punctuation omitted) (establishing that "merely reporting suspected child abuse does not constitute state action for purposes of § 1983").

*Humphrey v. Straube*  Case No. 3:22-cv-00009-JMK
Order Granting Motions to Dismiss  Page 18
Case 3:22-cv-00009-JMK   Document 43   Filed 09/29/23   Page 18 of 19

a state actor who may be held liable under Section 1983. Therefore, Defendant Rosado must be **DISMISSED** from this action.

## IV.  CONCLUSION

The First Amended Complaint does not sufficiently plead a claim and must be dismissed. The Court **GRANTS** the State Defendants' Motion to Dismiss at Docket 19; and the North Star Defendants' Motion to Dismiss at Docket 24. The Court grants leave to amend.

**IT IS THEREFORE ORDERED:**

1. The State Defendants' Motion to Dismiss at Docket 19 is **GRANTED**. The State of Alaska, Office of Children's Services, is **DISMISSED WITH PREJUDICE**.

2. The North Star Defendants' Motion to Dismiss at Docket 24 is **GRANTED**.

3. Mr. Humphrey may file a Second Amended Complaint within 30 days of this Order. An amended complaint replaces the prior complaint in its entirety. All factual allegations must be pled in accordance with Rule 8 of Federal Civil Procedure. Mr. Humphrey will need to submit any exhibits with his Second Amended Complaint. Exhibits should be chosen thoughtfully and support any written factual allegations.

4. All other pending motions are **DENIED AS MOOT**.

DATED this 29th day of September, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge
