**BEFORE THE ALASKA OFFICE OF ADMINISTRATIVE HEARINGS ON
REFERRAL FROM THE COMMISSIONER OF FAMILY AND COMMUNITY
SERVICES**

In the matter of:                              )
                                               )
        DION HUMPHREY                          )      OAH No. 22-0593-SAN
_____           )      Agency No. 955358

**OFFICE OF CHILDREN'S SERVICES NOTICE OF FILING OF OVERTURN
LETTER, REQUEST FOR DISMISSAL, AND RESPONSE TO DECISION ON
TIMELINESS AND NOTICE OF HEARING ON THE MERITS**

The Department of Family and Community Services, Office of Children's Services (or "OCS"), gives notice of its filing of a letter dated January 6, 2023, that the OCS sent to Mr. Humphrey. The letter states OCS has changed Mr. Humphrey's substantiated findings of maltreatment under AS 47.290(9), specifically for neglect under AS 47.10.011 (9) from Protective Services Report ("PSR") numbered 1303882 to Not Substantiated. See attached letter. Further, as there are no longer substantiated findings to dispute, OCS requests the matter be dismissed.

The reason for overturn is that the Office of Children's Services is not able to defend findings brought forward 162 days after the original notice was sent to the appellant due to lack of witness availability and the inability to subpoena witnesses who might be available. With that, the Office of Children's Services would also like to respond to the Decision on Timeliness and Notice of Hearing on the Merits. In the Decision on Timeliness and Notice of Hearing on the Merits the Office of Administrative Hearings (or "OAH") asserts OCS engaged in "cherry picking," when overturning one finding and sending a notice on non-referral on the second finding; and goes on to state: "Although OCS claimed that Mr. Humphrey's appeal was untimely, it accepted part of this appeal (the physical abuse finding) while rejecting the other part (the neglect finding). An appeal is either timely or not timely. OCS cannot have it both ways in the same appeal."

OCS contends this is an unfair representation of what occurred. When an appeal is brought forward, regardless of the timeframe, the agency has taken the position, as outlined in our policy, that the request will be reviewed for just cause or mitigating circumstances for a late submission. Mr. Humphrey's appeal request was no exception. In review of the request for just

cause or mitigating circumstances, OCS determined it necessary to modify the findings of physical abuse. The Office of Children's Services second review of this decision regardless of the means it was brought the agency's attention, should not have impacted the decision on whether Mr. Humphrey's appeal request was timely. One decision is not related to the other. Agencies have general administrative authority to determine policies and procedures in administrative adjudications. OCS has authority, as an agency, to set deadlines for appeals. By stating a deadline in a decision, OCS is not rulemaking; OCS is providing a process for appealing a specific decision, in keeping with OCS's obligation to provide due process. The 30-day notice is a reasonable and common-sense interpretation by OCS of the right provided in regulation for review of OCS's substantiation finding. The deadline is identical to that provided in Alaska Rule of Appellate Procedure 602(a)(2) and follows the Alaska Supreme Court's guidance provided to agencies concerning final agency decisions.[1]

DATED: January 6, 2023

OFFICE OF CHILDREN'S SERVICES
By:

Jennamarie Test
Social Services Program Officer

---

1 OAH 21-1122 SAN