# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DION KIRK HUMPHREY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RENEE STRAUBE,<br><br>　　　　　Defendant. | <br><br><br><br><br><br>Case No. 3:22-cv-00009-SLG |

## ORDER ON DEFENDANT RENEE STRAUBE'S MOTION TO DISMISS

Before the Court at Docket 66 is Defendant Renee Straube's Motion to Dismiss. Plaintiff Dion Kirk Humphrey did not file a timely response but indicated that he had not received a copy of the motion to dismiss before the time to respond had passed and, at Docket 75, filed a Motion for the Court to Accept a Late-Filed Opposition. Mr. Humprey filed his proposed response in opposition to the motion to dismiss at Docket 76, and Ms. Straube filed a reply in support of the motion to dismiss at Docket 77. Oral argument was not requested and was not necessary to the Court's determination. The Court GRANTS Plaintiff's Motion for the Court to Accept a Late-Filed Opposition and, for the reasons set forth below, GRANTS Defendant Renee Straube's Motion to Dismiss.

## BACKGROUND

The procedural history of this case is set forth in detail in the Court's August 21, 2024 order at Docket 59, and the Court assumes familiarity here. In that order,

the Court dismissed Mr. Humphrey's Second Amended Complaint ("SAC"), which asserted claims for violations of 18 U.S.C. § 242 and his right to "'FAMILIAL INTEGRITY' Due Process Violation of the Fourteenth Amendment under 42 U.S.C § 1983 against four defendants: the State of Alaska Office of Children's Services ("OCS"), Renee Straube, North Star Behavior[al] Health, and Juliette Rosado.[1] The Court dismissed Mr. Humphrey's claim against OCS based on Eleventh Amendment state sovereign immunity, and dismissed his claims against North Star Hospital and Ms. Rosado because neither are state actors who may be held liable under § 1983, among other reasons.[2] With respect to Ms. Straube, a social worker at OCS, the Court noted that "liberally construed, the SAC appears to allege that Ms. Straube interfered with the parent-child relationship by judicial deception" but found that Mr. Humphrey did not allege facts sufficient to support such a claim.[3] The Court dismissed the claims against OCS, North Star Hospital, and Ms. Rosado with prejudice because they could not be saved by amendment,[4] but granted Mr. Humphrey leave to amend his complaint to allege additional facts "solely as to Ms.

---

[1] Docket 59; *see* Docket 44 at 3.

[2] Docket 19 at 11, 18-26. The Court also dismissed Mr. Humphrey's claim under 18 U.S.C. § 242 because 18 U.S.C. § 242 is a criminal statute and does not provide a basis for civil liability. Docket 59 at 10–11.

[3] Docket 59 at 3, 14, 16.

[4] Docket 59 at 26-27.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 2 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 2 of 18

Straube, on the claim of judicial deception."[5] The Court identified the elements of a judicial deception claim and explained to Mr. Humphrey that "[a] third amended complaint must identify each of the specific statements that Mr. Humphrey is alleging that Ms. Straube made under oath to the state court on October 26, 2021, or failed to make, that he asserts were material, false, and made by her in deliberate or reckless disregard of the truth based on information known to Ms. Straube at that time."[6] The Court further explained that "Mr. Humphrey should carefully choose his exhibits, so the Court can understand the basis for Mr. Humphrey's allegation that Ms. Straube presented testimony to the state court that was deliberately or reckless false at that time," and noted that "this should include the Child in Need of Aid Petition, a transcript from the Emergency Hearing and the subsequent Temporary Custody Order."[7]

On August 30, 2024, Mr. Humphrey filed a Third Amended Complaint ("TAC"). The TAC names Ms. Straube as the sole defendant and asserts a claim for "Judicial Deception–Fourth Amendment to the U.S Constitution and Fourteenth Amendment to the U.S Constitution" under 42 U.S.C. § 1983.[8] The TAC describes

---

[5] Docket 59 at 59.

[6] Docket 59 at 28.

[7] Docket 59 at 28.

[8] Docket 60 at 4

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 3 of 18

Case 3:22-cv-00009-SLG    Document 78    Filed 02/14/25    Page 3 of 18

an incident on September 7, 2021, involving Mr. Humphrey and his son, during which Mr. Humphrey "called 911 regarding [E.H.] (Son) being aggressive, destructive and verbally assaultive. Anchorage Police arrived."[9] At the time, Mr. Humphrey "did not want EH at the residence and wanted [E.H.] to go to Northstar Behavioral Hospital."[10] E.H. was initially transferred to Alaska Regional Hospital, but "[t]he following morning [Mr. Humphrey] arrived at Northstar Behavioral Hospital [and] complet[ed] admission paperwork for EH."[11] With respect to Ms. Straube, the TAC alleges that:

> On October 26, 2021 Renee Straube "recklessly" submitted their report and request to the Alaska Superior Court case number 3AN-21-00430CN "misrepresenting" the truth of Physical Abuse and Neglect in the finding of probable cause resulting in the loss of E.H (Son) for seven months depriving Plaintiff and his juvenile E.H (Son) of their fundamental constitutional and statutory rights… Renee Straube misrepresented the truth of Alaska Statute material to the granting of the juvenile "Emergency Custody Order" The claims were also sufficient under Fed.R. Civ. P. 9(b) Finally, Plaintiff (Father) did not have knowledge of the "Emergency Custody Hearing/Order" until after they took place.[12]

Stated simply, and reading the TAC in tandem with the exhibits attached to the complaint, the TAC appears to allege that Ms. Straube recklessly

---

[9] Docket 60 at 7.

[10] Docket 60 at 7.

[11] Docket 60 at 7.

[12] Docket 60 at 7.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 4 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 4 of 18

misrepresented allegations of physical abuse and neglect in the Child in Need of Aid (CINA) petition she prepared and/or the testimony that Ms. Straube provided at the October 26, 2021 Emergency Hearing on the petition, which resulted in the State being granted emergency custody of Mr. Humphrey's son, E.H., for seven months.[13] It appears that E.H. may have been returned to Mr. Humphrey's custody after Mr. Humphrey appealed OCS's findings that allegations of physical abuse and neglect were substantiated and OCS changed those findings to "not substantiated."[14]

Mr. Humphrey attached twelve exhibits to the TAC: (1) Exhibit A is a non-emergency Child in Need of Aid (CINA) petition regarding E.H, which was prepared by Ms. Straube and is dated October 22, 2021.[15] (2) Exhibit B is the first page only of an 11-page amended emergency CINA petition regarding E.H. that is undated.[16] (3) Exhibit C is state court log notes of an October 26, 2021 Emergency Probable Cause hearing on the CINA petition, at which Ms. Straube testified and Mr.

---

[13] *See* Docket 60 at 3, 7.

[14] *See* Docket 60-10.

[15] Docket 60-1.

[16] Docket 60-2. Exhibit B is undated but is referenced in the transcript of the October 26, 2021 hearing, at which OCS explained the "[o]riginal petition was a non-emergency. We amended it to an emergency petition." Docket 60-3 at 2.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 5 of 18

Case 3:22-cv-00009-SLG Document 78 Filed 02/14/25 Page 5 of 18

Humphrey was not present.[17] (4) Exhibit D is state court log notes of a November 8, 2021 Continued Emergency Probable Cause hearing, at which neither Mr. Humphrey nor Ms. Straube was present.[18] (5) Exhibit E is state court log notes of a November 18, 2021 Secure Treatment Placement Review hearing, at which both Ms. Straube and Mr. Humphrey appeared telephonically.[19] (6) Exhibit F is one page of a Notice of Alleged Child Maltreatment Decision and Placement on the Child Protection Registry finding substantiated allegations of neglect and physical abuse of E.H. by Mr. Humphrey dated December 14, 2021.[20] (7) Exhibit G appears to be emails between Ms. Straube and Juliette Rosado dated October 26, 2021 and November 3, 2021.[21] (8) Exhibit H appears to be notes dated September 7, 2021–September 9, 2021, including notes regarding the report of an Anchorage Police Officer who responded to the September 7, 2021 dispute between Mr. Humphrey and E.H. and a summary of a September 8, 2021 Team Decision Making meeting.[22] (9) Exhibit I is the first page of an undated Initial Assessment

---

[17] Docket 60-3.

[18] Docket 60-4.

[19] Docket 60-5.

[20] Docket 60-6.

[21] Docket 60-7.

[22] Docket 60-8

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 6 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 6 of 18

Summary of findings by Jessica Fujimoto related to alleged neglect and abuse of E.H. by Mr. Humphrey.[23] (10) Exhibit J is a January 10, 2023 order of the Alaska Office of Administrative Hearings dismissing as moot Mr. Humphrey's appeal of the substantiated findings of physical abuse and neglect with regard to E.H..[24] The order states that the substantiated findings of physical abuse and neglect stemmed from a report of harm received on September 7, 2021. The order further states that, following Mr. Humphrey's appeal, OCS changed the substantiated findings of physical abuse to "Not Substantiated." OCS initially "declined to modify the substantiated finding of neglect, due to the alleged untimeliness of the appeal," but after a "decision, issued on October 10, 2022, determined that OCS had not met its burden of proof vis-à-vis the untimeliness of the appeal," OCS changed its finding of neglect from "Substantiated to "Not Substantiated."[25] The order notes that, "[a]ccording to OCS, the reason for this overturn was the unavailability of witnesses and OCS' inability to subpoena witnesses in support of its case."[26] (11) Exhibit K is the October 10, 2022 decision on the timeliness of Mr. Humphrey's appeal of the substantiated findings of alleged physical abuse and neglect with

---

[23] Docket 60-9.

[24] Docket 60-10.

[25] Docket 60-10 at 1.

[26] Docket 60-10 at 1.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 7 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 7 of 18

regard to E.H.[27]  (12) Exhibit L is the Office of Children's Services Notice of Filing of Overturn Letter, Request for Dismissal, and Response to Decision on Timeliness and Notice of Hearing on the Merits, dated January 6, 2023.[28]  The notice states that "the reason for the overturn" of the substantiated finding of neglect by Mr. Humphrey "is that the Office of Children's Services is not able to defend findings brought forward 162 days after the original notice was sent to the appellant due to lack of witness availability and the inability to subpoena witnesses who might be available."[29]

Ms. Straube moves to dismiss the TAC for failure to state a claim.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## LEGAL STANDARD

### I. Rule 12(b)(6) – Failure to State a Claim

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted."  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[27] Docket 60-11.

[28] Docket 60-12.

[29] Docket 60-12 at 1.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 8 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 8 of 18

on its face.'"[30] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[31]

## II. 42 U.S.C. § 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[32] A defendant acts under the color of state law when acting with state authority as a state actor.[33] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[34] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[35]

---

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[31] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[32] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[33] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[34] *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41

[35] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 9 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 9 of 18

**DISCUSSION**

The Ninth Circuit has "recognized a cause of action under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments where a warrant or other authorization to seize a child was obtained through judicial deception."[36] As the Court explained in its August 21, 2024 order dismissing the SAC, "parents and children have a right to be free from judicial deception in child custody proceedings and removal orders."[37] "To sufficiently plead a judicial deception claim, a plaintiff must allege '(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision.'"[38] "A misrepresentation or omission is material if a court would have declined to issue the order had [the defendant] been truthful."[39]

The Ninth Circuit's decision in *Scanlon v. County of Los Angeles* elaborated on these elements. Judicial deception "consists of either 'deliberate omission or affirmative misrepresentation.'"[40] "A statement can also be misleading if, although technically true, it has been so wrenched from its context that the judicial officer

---

[36] *Scanlon v. Cnty. of Los Angeles*, 92 F. 4th 781, 799 (9th Cir. 2024) (citations and internal quotations omitted).

[37] Docket 59 at 14 (quoting *Scanlon*, 92 F. 4th at 799).

[38] *David v. Kaulukukui*, 38 F.4th 792, 801 (9th Cir. 2022).

[39] *Id.* (internal quotations and citation omitted).

[40] *Scanlon*, 92 F.4th at 799 (quoting *David*, 38 F.4th at 801 n.3).

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 10 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 10 of 18

will not comprehend how it fits into the large puzzle."[41] "Even otherwise true observations made misleading by the omission of facts that are not themselves material may result in an affidavit that, considered as a whole, is materially misleading."[42] In *Scanlon*, the Circuit Court found that multiple sworn statements made by a social worker to the court in a removal warrant application were inconsistent with the facts as then known to the social worker.[43] Further, the Circuit held that a reasonable jury could conclude that the same social worker had misrepresented statements made by the child's teacher in the social worker's sworn statement to the court.[44] "Either set of statements could reasonably be held material to [the court's finding of probable cause and] issuance of a warrant" that removed the children from their parents' care.[45]

Ms. Straube contends that the TAC "does not offer factual content of any kind supporting the allegation that Ms. Straube made sworn statements that were inconsistent with the facts as then known."[46] Ms. Straube contends that the

---

[41] *Id.*

[42] *Id.*

[43] *Id.* at 800–02.

[44] *Id.* at 803–04.

[45] *Id.* at 805.

[46] Docket 66 at 6.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 11 of 18

exhibits attached to the TAC instead corroborate the facts set out in the CINA petition prepared by Ms. Straube and contradict Mr. Humphrey's allegation that Ms. Straube was "'misrepresenting' the truth of Physical Abuse and Neglect."[47] Ms. Straube points to a report by an Anchorage Police Officer, attached to the TAC as Exhibit H,[48] and OCS's Initial Assessment Summary, attached to the TAC as Exhibit I,[49] both of which Ms. Straube contends corroborate the underlying facts in the CINA petition that she filed.[50] Ms. Straube also points to the Order of Dismissal, attached to the TAC at Exhibit J,[51] which states that OCS cited "the unavailability of witnesses and OCS' inability to subpoena witnesses"—not anything Ms. Straube allegedly did, said or omitted at the emergency hearing in October 2021—as the reason for its decision to change the substantiated finding of neglect to "Not Substantiated" following Mr. Humphrey's appeal of that finding.[52]

Mr. Humphrey responds by asserting that he has addressed the deficiencies identified by the Court in its August 21, 2024 order by providing "the Child in Need

---

[47] Docket 66 at 7–8.

[48] *See* Docket 60-8.

[49] *See* Docket 60-9.

[50] Docket 66 at 6.

[51] *See* Docket 60-10.

[52] Docket 66 at 6.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 12 of 18

of Aid Petition, a transcript from the Emergency Hearing and the Temporary Custody Order."[53] Mr. Humphrey asserts generally that "The Amended Complaint and Exhibits provide[] that Renee Straube 'misrepresented' and 'presented testimony' under oath to the state court on October 26, 2021 to wit; Physical Abuse Alaska Statute (AS) 47.10.011 § (6) and Neglect AS 47.10.011 (9) being deliberately and recklessly false toward the Plaintiff and his son E.H."[54]

The TAC does not comport with the Court's instruction to "identify each of the specific statements that Mr. Humphrey is alleging that Ms. Straube made under oath to the state court on October 26, 2021, or failed to make, that he asserts were material, false, and made by her in deliberate or reckless disregard of the truth based on information known to Ms. Straube at that time."[55] Mr. Humphrey did, however, attach exhibits to the TAC including the log notes of the October 26, 2021

---

[53] Docket 76 at 3.

[54] Docket 76 at 3. Mr. Humphrey also asserts that "Defendants failed a 'must' reply pursuant to Federal Rule of Civil Rule (sic) 12(a)." Docket 76 at 3. Mr. Humphrey is mistaken on this point. Under Federal Rule of Civil Procedure 12, the filing of a motion to dismiss suspends the deadline for filing an answer until the court rules on the motion; if the court denies the motion or postpones its disposition, the defendant must then file an answer within 14 days unless otherwise ordered. Fed. R. Civ. P 12(a)(4)(A).

[55] Docket 59 at 28.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 13 of 18

Case 3:22-cv-00009-SLG    Document 78    Filed 02/14/25    Page 13 of 18

hearing and at least portions of the petitions prepared by Ms. Straube. The Court considers the exhibits attached to the TAC on this motion to dismiss.[56]

The Court has reviewed each of the exhibits attached to the TAC and cannot discern from them any plausible inference of liability. On the contrary, the Court agrees with Ms. Straube that the exhibits support the view that Ms. Straube did not deliberately or recklessly make any material misrepresentations or omissions but instead accurately recounted the facts as they were then known to her. Rather than contradicting the CINA petition, the exhibits corroborate many of the underlying facts in the CINA petition filed by Ms. Straube. The CINA petition recounts the same facts that are set out in the Initial Assessment and Anchorage Police Department report.[57] Additionally, the log notes of the October 26, 2021 hearing show that Ms. Straube discussed her attempts to deliver the CINA petition to Mr. Humphrey and did not testify regarding any alleged abuse or neglect at that hearing.[58]

---

[56] "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[57] *See* Dockets 60-8– 60-9.

[58] Docket 60-3 at 1. If Ms. Straube did misrepresent her attempts at service—which is not evident from exhibits attached to the TAC—there is no indication in the TAC or the exhibits that that alleged misrepresentation was material to the state court's custody decision.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 14 of 18

Mr. Humphrey has been repeatedly instructed that he must plead "sufficient factual detail to support his allegation that Mr. Straube made a material misrepresentation under oath to a judicial officer in reckless disregard for the truth."[59] But his latest attempt to do so again falls far short. Mr. Humphrey does not allege that Ms. Straube's recounting of the allegations of abuse and neglect in the CINA petition were taken out of context so as to be misleading, or that Ms. Straube omitted any facts that render the CINA petition, considered as a whole, materially misleading.[60] Nor does he plausibly allege that Mr. Straube knew these statements to be false when she made them. Instead, Mr. Humphrey makes only the conclusory allegation that "Renee Straube 'recklessly' submitted their report and request to the Alaska Superior Court case number 3AN-21-00430CN "misrepresenting" the truth of Physical Abuse and Neglect in the finding of probable

---

[59] Docket 59 at 28.

[60] The CINA petition summarizes interviews with E.H., Mr. Humphrey, and E.H.'s brother, as well as communications with the principal of E.H.'s school, an APD report regarding the September 7, 2021 incident, a Team Decision Making Meeting on September 8, 2021, the circumstances of E.H.'s admission to North Star Behavioral Health Hospital and his initial diagnoses and treatment recommendations, other communications with Mr. Humphrey, a second Team Decision Making Meeting, prior investigations involving Mr. Humphrey, and more. *See* Docket 60-1.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 15 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 15 of 18

cause . . ."[61] The Court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint."[62]

To the extent that Mr. Humphrey is relying on the administrative order of dismissal to show that Ms. Straube misrepresented whether E.H. had been physically abused or neglected, that reliance is misplaced because the order of dismissal does not state, or even imply, that Ms. Straube made false statements in the CINA petition or in court proceedings for E.H..[63] Rather, the order of dismissal establishes simply that OCS reversed its substantiated findings following Mr. Humphrey's appeal and that the reason given by OCS for overturning the substantiated finding of neglect was lack of availability of witnesses. As the Court noted in its August 21, 2024 order dismissing the SAC, "[t]he fact that several months later, OCS determined the allegations of physical abuse and/or neglect were unsubstantiated does not establish that Ms. Straube was deceptive to the state court in October 2021."[64] Here, as with the SAC, the exhibits attached to the TAC show that "the facts in the record as of that time were consistent with a

---

[61] Docket 60 at 7.

[62] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir.2003)).

[63] *See* Docket 60-10.

[64] Docket 59 at 16.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 16 of 18

Case 3:22-cv-00009-SLG Document 78 Filed 02/14/25 Page 16 of 18

probable cause finding of physical abuse or neglect."[65]  Mr. Humphrey thus fails to state a plausible claim against Ms. Straube.

"It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'"[66]  Previously, the Court provided an explanation of the deficiencies in the Second Amended Complaint and provided Mr. Humphrey "one final leave to amend" to remedy those problems as to the claim against Ms. Straube.[67]  The Third Amended Complaint suffers from the same deficiencies as the Second Amended Complaint and continues to fail to state a claim upon which relief may be granted.  Therefore, the Court finds that further amendment would be futile, and the Third Amended Complaint will be dismissed without leave to amend.

## CONCLUSION

In light of the foregoing, Plaintiff Dion Humphrey's Motion for the Court to Accept a Late-Filed Opposition at Docket 75 is GRANTED and Defendant Rene Straube's Motion to Dismiss at Docket 66 is GRANTED.  This action is DISMISSED with prejudice.  The Clerk of Court is directed to enter a Final Judgment in favor of all defendants in this case.

---

[65] Docket 59 at 16.

[66] *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011).

[67] Docket 59 at 18.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 17 of 18

Case 3:22-cv-00009-SLG   Document 78   Filed 02/14/25   Page 17 of 18

DATED this 14th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Defendant Renee Straube's Motion to Dismiss
Page 18 of 18

Case 3:22-cv-00009-SLG     Document 78     Filed 02/14/25     Page 18 of 18