**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

DION K. HUMPHREY

        Plaintiff,

  v.

RENEE STRAUBE, *et al.*

        Defendants.

Case No. 3:22-cv-00009-SLG

**ORDER ON MOTION FOR ATTORNEY'S FEES AND MOTION TO AMEND FINAL JUDGMENT**

Before the Court are two pending motions filed by Defendants North Star Hospital and Juliette Rosado (collectively, "North Star Defendants"). At Docket 84 is North Star Defendants' Motion for Attorney's Fees, and at Docket 86 is North Star Defendants' Motion to Amend Final Judgment.[1] Plaintiff Dion K. Humphrey did not file a response to either motion. Oral argument was not requested and was not necessary to the Court's determination of either motion.

**I.    Motion for Attorney's Fees**

In his Second Amended Complaint, Mr. Humphrey alleged claims against North Star Defendants pursuant to 42 U.S.C. § 1983.[2] Mr. Humphrey also contended that the defendants violated 18 U.S.C. § 242, which is a criminal statute

---

[1] North Star Defendants filed a Bill of Costs related to the Motion to Amend Final Judgment at Docket 87.

[2] Docket 44 at 3; *see* Docket 59 at 18–26.

and does not provide for an award of attorney's fees to the prevailing party. Accordingly, the Court addresses attorney's fees in the context of a § 1983 action.[3]

42 U.S.C § 1988 provides that "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." However, "[a] prevailing defendant in a § 1983 action is entitled to an award of attorney's fees under § 1988 only when the plaintiff's action is 'frivolous, unreasonable, or without foundation.'"[4]

In the case of pro se plaintiffs, "[c]ourts should be cautious when considering an award to a prevailing defendant where the lawsuit was initiated by a party with limited financial resources or one who is appearing pro se."[5] "In addition, pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."[6]

---

[3] The North Star Defendants assert that District of Alaska Local Civil Rules direct a prevailing party to follow Alaska Rule of Civil Procedure 82 for purposes of awarding costs and fees. Docket 84 at 2. This is incorrect. Alaska Local Civil Rule 54.2, which governs motions for attorney's fees, directs parties to "set forth the authority for the award, whether a federal statue, Alaska Rule of Civil Procedure 82, a contractual provision, or other grounds." Here, the relevant authority for the award is 42 U.S.C. § 1988.

[4] *Citizens for Free Speech, LLC*, 953 F.3d 655, 658 (9th Cir. 2020) (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)). Having secured dismissal, North Star Defendants are prevailing parties for the purposes of § 1988.

[5] *Wal-Mart Stores, Inc. v. City of Turlock,* 483 F. Supp. 2d 1023, 1028 (E.D. Ca. 2007) (citing *Miller v. Los Angeles Cnty. Bd. Of Educ.,* 827 F.2d 617, 619 (9th Cir.1987)).

[6] *Miller,* 827 F.2d at 620 (citation omitted).

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Motion for Attorney's Fees and Motion to Amend Final Judgment
Page 2 of 4
Case 3:22-cv-00009-SLG   Document 88   Filed 04/09/25   Page 2 of 4

Mr. Humphrey's claims against the North Star Defendants—which he litigated pro se—were not so frivolous, unreasonable, or without foundation to such an extent that would warrant the grant of attorney's fees pursuant to Section 1988. While the Court ultimately dismissed Mr. Humphrey's § 1983 claims against the North Star Defendants on the basis that North Star Hospital and Ms. Rosado are not state actors, this conclusion does not render Mr. Humphrey's case per se frivolous, unreasonable, or without foundation.[7] Mr. Humphrey's action as a whole was not entirely groundless; Mr. Humphrey asserted a claim based on a clearly established constitutional right to familial association,[8] and he articulated theories as to why North Star Defendants may be liable.[9] The Court therefore finds that Plaintiff's claims against North Star were not "frivolous, unreasonable, or without foundation" so as to warrant an award of attorney's fees to North Star Hospital and Ms. Rosado.

Accordingly, North Star Hospital and Juliette Rosado's Motion for Attorney's Fees is **DENIED.**

---

[7] *See* Docket 59 at 21–26; *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978) ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.")

[8] Docket 59 at 13–14.

[9] Mr. Humphrey appeared to assert that Ms. Rosado took "joint action" with Defendant Renee Straube, a state actor, and that North Star Hospital could be held liable as Ms. Rosado's employer. Docket 59 at 21–22.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Motion for Attorney's Fees and Motion to Amend Final Judgment
Page 3 of 4

Case 3:22-cv-00009-SLG    Document 88    Filed 04/09/25    Page 3 of 4

## II. Motion to Amend Final Judgment

North Star Defendants separately move to amend the final judgment to reflect awards of attorney's fees and costs.[10]

Federl Rule of Civil Procedure 54(d)(1) provides that, absent other authority, costs other than attorney's fees "should be allowed to the prevailing party." Local Civil Rule 54.1 provides that a bill of costs "must be filed and served no later than 14 days after entry of judgment or an applicable order." Bills of costs are reviewed and decided by the Clerk of Court.[11] When costs are awarded, the judgment will be amended to include the costs. No separate motion to amend the final judgment is required.

Accordingly, as to an award of costs, the motion to amend the final judgment is **DENIED** without prejudice as to the Clerk's issuance of an amended judgment following consideration of the North Star Defendants' Bill of Costs. As to an award of attorney's fees, the motion to amend the judgment is **DENIED** consistent with the Court's decision on North Star Defendants' Motion for Attorney's Fees.

DATED this 8th day of April 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] Docket 86.

[11] *See* Rule 54(d)(1), Federal Rules of Civil Procedure. A party may seek review of the clerk's action won motion served within 7 days of the clerk's determination.

Case No. 3:22-cv-00009-SLG, *Humphrey v. Straube*
Order on Motion for Attorney's Fees and Motion to Amend Final Judgment
Page 4 of 4
Case 3:22-cv-00009-SLG    Document 88    Filed 04/09/25    Page 4 of 4